FOURTH DIVISION

March 26, 1998 

 
 

No. 1-96-3429

MARILYN BILUT,                        ) APPEAL FROM THE 

                                      ) CIRCUIT COURT OF

          Plaintiff-Appellant,        ) COOK COUNTY.                                        )     

                  v.                  ) 

                                      )

NORTHWESTERN UNIVERSITY and           ) 

GERALD CANTER,                        ) THE HONORABLE                                                    ) JOHN W. GUSTAFSON,

          Defendants-Appellees.       )
 JUDGE PRESIDING.           

JUSTICE SOUTH delivered the opinion of the court:

Plaintiff, Marilyn Bilut, filed a two-count complaint against defendant Northwestern University alleging that Northwestern had breached an implied contract in refusing to award her a Ph.D. degree and sought an injunction ordering Northwestern to award her a Ph.D. degree as well as monetary damages. 
 Thereafter, plaintiff amended her complaint to add two counts against defendant professor Gerald Canter, alleging tortious interference and seeking compensatory and punitive damages.  

Defendants moved to strike the first amended complaint or to dismiss Canter and counts III and IV.  The circuit court never ruled on defendants' motion.  Rather, the court ordered a trial as to plaintiff's equitable claim, count I for injunctive relief, and stated that plaintiff's legal claims, counts II, III and IV, would be transferred to the law division.  

The matter proceeded to trial on count I, and in a written opinion, the circuit court rejected plaintiff's request for injunctive relief, finding that it could not compel issuance of plaintiff's doctoral degree.  However, the court issued a mandatory injunction against Northwestern, requiring it to give plaintiff an additional two years to complete her degree.   

The court also ruled on the legal claims, counts II, III and IV of plaintiff's first amended complaint, finding in favor of plaintiff on all three counts, 
i.e.
, that defendant Northwestern had breached an implied contract, that defendant Canter had maliciously interfered with that contract and that defendant Canter's actions were willful and wanton.  In support of this finding, the court held that Northwestern's faculty and officials were "arbitrary and capricious, and/or motivated by bad faith, in their dealings with plaintiff" and that defendant Canter was "exceedingly arbitrary and capricious."  The circuit court then transferred the matter to the law division solely for a determination of damages.  Defendants appealed.  

This court reversed and remanded the mandatory injunction, finding that plaintiff failed to establish all of the required elements to justify its imposition.  
Bilut v. Northwestern University
, 269 Ill. App. 3d 125, 645 N.E.2d 536 (1994).  This court further found that the circuit court erred in finding  defendant's academic judgment of plaintiff was arbitrary and capricious and held that Northwestern's decision not to award plaintiff a Ph.D. degree was based on the independent scholarly and academic judgments of several professors, including defendant Canter.  
Bilut
, 269 Ill. App. 3d 125, 645 N.E.2d 536.  

Thereafter, plaintiff filed a petition for leave to appeal to the Illinois Supreme Court.  The Illinois Supreme Court denied plaintiff's petition for leave during its March term of 1995.  On May 11, 1995,  this cause was remanded back to the circuit court.

On remand, defendants moved for summary judgment on counts II, III and IV of plaintiff's first amended complaint pursuant to section 2-1005 of the Code of Civil Procedure  (735 ILCS 5/2-1005 (West 1994)).  Defendants argued that according to the law of the case doctrine, this court had conclusively determined, as a matter of law, that defendant's academic judgment of plaintiff was not arbitrary and capricious. Therefore, there could be no breach of implied contract by Northwestern, and since there was no breach by Northwestern, defendant Canter could not have tortiously interfered with the contract.  Thus, defendants concluded, plaintiff could not prevail on any of her claims. 

Following a hearing, the circuit court agreed that plaintiff could not prevail and entered an order granting summary judgment in favor of defendants as to counts II, III and IV of plaintiff's first amended complaint "pursuant to the law of the case doctrine as decided by the appellate court in this cause."  The circuit court, over defendants' objection, also granted plaintiff leave to file a second amended complaint against defendants "asserting a cause of action that relates back to the allegations in plaintiff's complaint and that has not been determined by the appellate court."   Plaintiff filed a two-count second amended complaint alleging civil conspiracy and conversion of property/plagiarism.  Defendants moved to dismiss the second amended complaint pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 1994)).  In support of their motion, defendants argued that plaintiff's claims were barred by the statute of limitations; the claim for civil conspiracy was insufficient because principals and agents are legally incapable of conspiring with one another, and plaintiff failed to allege that defendants engaged in any particular tortious conduct; and the conversion of property/plagiarism claim was insufficient because Illinois law limits the tort of conversion to tangible property and because any such claim was preempted by the federal Copyright Act (17 U.S.C. §301 (1994)).  The circuit court granted defendants' motion to dismiss plaintiff's second amended complaint with prejudice.  This appeal followed.  We  affirm. 

Plaintiff has waived her right to appeal from the entry of summary judgment on counts II, III and IV of the first amended complaint because she failed to reallege those counts in her second amended complaint. 
Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.
, 96 Ill. 2d 150, 449 N.E.2d 125 (1983), stands for the proposition that "[w]hen a complaint is amended, without reference to the earlier allegations, it is expected that these allegations are no longer at issue."  
Foxcroft
, 96 Ill. 2d at 154, 449 N.E.2d at 127.  This rule applies not only to factual allegations, but also to theories of recovery.  
Foxcroft
, 96 Ill. 2d at 155, 449 N.E.2d at 127.  

First, plaintiff argues that the circuit court erred in granting defendants' motion for summary judgment as to counts II, III and IV of her first amended complaint pursuant to the law of the case doctrine as the issues pertaining to those counts were not decided upon their merits by the prior appellate decision and that plaintiff was denied her constitutional right to a trial by jury.    The law of the case doctrine provides that issues presented and disposed of in a prior appeal are binding and will control in the circuit court on remand, as well as the appellate court in a subsequent appeal, unless the facts presented are so different as to require a different interpretation.  
Aardvark Art, Inc. v. Lehigh/Steck-Warlick, Inc.
, 284 Ill. App. 3d 627, 672 N.E.2d 1271 (1996); 
Sanders v. Shephard
, 258 Ill. App. 3d 626, 630 N.E.2d 1010 (1994).  Thus, absent substantially different facts, a party will not be allowed to reargue issues previously decided by the appellate court.  Instead, the remedy for a dissatisfied party is to file a petition for rehearing or petition for leave to appeal to the supreme court.  
Sanders
, 258 Ill. App. 3d 626, 630 N.E.2d 1010.   In the prior appeal, this court held that defendants' academic judgment of plaintiff was not arbitrary and capricious because there was a discernable rational basis for the decisions of Northwestern and its faculty regarding plaintiff's dissertation.  
Bilut
, 269 Ill. App. 3d at 135-36, 645 N.E.2d at 542-43.  Since the facts in the circuit court on remand and in this subsequent appeal are substantially the same as those in the prior appeal, the facts do not require a different interpretation.  Accordingly, this court's decision in the prior appeal was binding on the circuit court on remand and is now binding on this court.  

Moreover, despite plaintiff's contention that counts II, III and IV of her first amended complaint were not matters appropriately within the jurisdiction of the appellate court in the prior appeal, the record reflects that plaintiff argued to the circuit court in her motion to vacate dismissal for want of prosecution filed August 2, 1993, that:  (1) "Judge Berman's entire order is unquestionably currently subject to appeal"; (2) "the entire underlying merits of the case are currently being reviewed by the appellate court"; and (3) "[i]n this case, the plaintiff has already prevailed on the merits of her case" and "[i]f plaintiff is successful on appeal, the only remaining issues will be for a jury to determine the amount of damages."    

Furthermore, contrary to plaintiff's present contention that the appellate court in the prior appeal remanded the case generally for a new trial, plaintiff argued in her petition for leave to appeal to the supreme court that this court reversed the judgment in favor of defendants without remanding for a new trial.  Inasmuch as a party on appeal is bound by her statements, including the statements of her attorney, made in the circuit court, 
plaintiff is now estopped from presenting argument contrary to her prior statements.  
In re Marriage of Drewitch
, 263 Ill. App. 3d 1088, 636 N.E.2d 1052 (1994).  

We turn next to 
plaintiff's argument that entry of summary judgment denied her the constitutional right to a trial by jury.  Section 2-1105(a) provides that "[a] plaintiff desirous of a trial by jury must file a demand therefor with the clerk at the time the action is commenced. *** Otherwise, the party waives a jury."  735 ILCS 5/2-1105(a) (West 1994).  Careful review of the record makes clear that plaintiff did not file a jury demand in accordance with section 2-1105(a) at the time she commenced this action in 1989.    Further, plaintiff's argument that the circuit court granted her leave to file her jury demand and that, therefore, it was timely filed is not supported by the record.  Pursuant to the circuit court's December 16, 1992, order and opinion, which granted the parties 30 days to make a jury demand for "the Law Division matters," plaintiff filed her jury demand for trial of damages on January 13, 1993, nearly four years after she commenced this action.  The issue of defendants' liability, however, had already been decided by the circuit court in favor of plaintiff.  Plaintiff's jury demand, as indicated thereon, sought a jury trial for damages only, not defendants' liability as to counts II, III and IV of her first amended complaint.  Thus, as to those counts, plaintiff waived her right to a trial by jury.

Moreover, where no material issue of fact remains for trial, the right to a jury trial is not implicated and, therefore, summary judgment does not deny a plaintiff her right to a trial by jury.  
Alamo Rent a Car, Inc. v. Ryan
, 268 Ill. App. 3d 268, 643 N.E.2d 1345 (1994); 
Empire Moving & Warehouse Corp. v. Hyde Park Bank & Trust Co.
, 43
 Ill. App. 3d 991, 357 N.E.2d 1196 (1976).   

In the prior appeal, this court conclusively determined that "the [circuit] court's ultimate findings of fact and conclusions on the merits were erroneous" and that Northwestern's conduct was not arbitrary and capricious.  
Bilut
, 269 Ill. App. 3d at 135, 645 N.E.2d at 542-43.  Therefore, the circuit court's holding on remand that defendants were entitled to summary judgment pursuant to the law of the case doctrine was proper.  Accordingly, we find that the entry of summary judgment did not deny plaintiff the constitutional right to a trial by jury.

Plaintiff further contends that the circuit court erred in dismissing counts I and II of her second amended complaint.  Count I of plaintiff's second amended complaint alleges a civil conspiracy.  Count II alleges conversion of property/plagiarism.   As to count I, plaintiff argues that the principal-agent relationship does not shield defendants from liability for civil conspiracy because they were not acting properly within the scope of their agency relationship when they acted together to wrongfully assume control of her property and to fraudulently mislead her as to the reasons for her dismissal from the Ph.D. program.  

Civil conspiracy consists of a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means.  
Adcock v. Brakegate, Ltd.
, 164 Ill. 2d 54, 645 N.E.2d 888 (1994).  Further, a cause of action for civil conspiracy exists only if one of the parties to the agreement commits some act in furtherance of the agreement, which is itself a tort.  
Adcock
, 164 Ill. 2d 54, 645 N.E.2d 888. 

As a general rule of law, principals and agents are legally incapable of conspiring with one another because the acts of an agent are considered the acts of his principal.  
Salaymeh v. InterQual, Inc.
, 155 Ill. App. 3d 1040, 508 N.E.2d 1155 (1987).  The exception to this rule is where the interests of a separately incorporated agent diverge from the interests of the corporate principal and the agent at the time of the conspiracy is acting beyond the scope of his authority or for his own benefit, rather than that of the principal.  
Pink Supply Corp. v. Hiebert, Inc.
, 788 F.2d 1313, 1317 (8th Cir. 1986).  Further, if the agent is acting not as an agent but as a principal, he can be liable for conspiring with the principal.  
Morrison v. Murray Biscuit Co.
, 797 F.2d 1430 (7th Cir. 1986).  

Plaintiff urges this court to apply the above exceptions here.  The case at bar, however, is distinguishable from 
Pink
 and 
Morrison
.  

In the present case, it is undisputed that defendant Canter and the other Northwestern faculty members plaintiff alleges  conspired against her, Drs. Logeman, Smith and Larson, and Dean Cohen, were at all relevant times employees of Northwestern University.  The alleged conspirators, therefore, consist of Northwestern and its direct employees, not separately incorporated agents as was the case in 
Pink
, 788 F.2d at 1317.   

Additionally, the interests of the employer, Northwestern, and its employee, defendant Canter, did not diverge.  Both shared a common interest in Northwestern receiving the grant from Easter Seals for the research presented by defendant Canter. 

The exception as applied in 
Morrison
, 797 F.2d 1430, is also distinguishable from the present case.  
Morrison
 stands for the proposition that if the agent is acting not as an agent but as a principal, he can be liable for conspiring with the principal.  Here, plaintiff never alleged that defendant Canter was not acting  as an agent but as a principal.  

Based upon the record, the exception upon which plaintiff urges this court to adopt is inapplicable to the present case.  We, therefore, find that the circuit court did not err in finding in accordance with the general rule, as a matter of law, that defendants as employer and employee were legally incapable of conspiring with one another. Thus, the circuit court properly dismissed count I of plaintiff's second amended complaint.

Plaintiff next contends that the second amended complaint relates back to the first amended complaint pursuant to section 2-616 of the Code of Civil Procedure (735 ILCS 5/2-616 (West 1994)).  Therefore, it was timely filed and the circuit court erred in granting defendants' motions to dismiss count II of her second amended complaint based upon the statute of limitations.  Alternatively, plaintiff posits that if the second amended complaint does not relate back to the first amended complaint, it relates back to the original complaint filed in 1989, as defendant Canter was inadvertently left out. 

Our supreme court has stated that the test for whether an amended complaint relates back under section 2-616(b) to the original pleading for statute of limitations purposes does not depend on whether the amended complaint asserts the same cause of action pleaded in the original complaint.  Instead, the focus is on the identity of the transaction or occurrence.  
Zeh v. Wheeler
, 111 Ill. 2d 266, 489 N.E.2d 1342 (1986).  Under the same transaction or occurrence standard, the focus is on the facts and occurrence alleged in the original complaint, not the name of the cause of action or legal theory used to support the claim for damages.  
Bryson v. News America Publications, Inc.
, 174 Ill. 2d 77, 672 N.E.2d 1207 (1996).    

In the instant case, count II of plaintiff's second amended complaint is barred by the statute of limitations, not because it alleges new causes of action or legal theories, but because count II relates back only to the first amended complaint filed on May 24, 1991, and Canter was not added as a defendant until more than five years after the claim for conversion accrued in March 1984. 

Plaintiff argues that the conversion manifested itself on at least two distinct occasions involving two separate manuscripts.  The first time was when Canter allegedly usurped her research ideas in March 1984, and the second time was when Canter refused to allow her to conduct a study of apraxic behaviors in 1986.  Thus, the conversion claim did not accrue until late 1986.  

Under Illinois law, actions for conversion "shall be commenced within 5 years next after the cause of action accrued."  735 ILCS 5/13-205 (West 1994).  A cause of action accrues when the plaintiff knows or should have known that she is injured and that such injury may have been wrongfully caused.  
Doe By and Through Doe v. Montessori School of Lake Forest
, 287
 Ill. App. 3d 289, 678 N.E.2d 1082 (1997).

In plaintiff's first amended complaint, she alleges that the conversion occurred in March 1984, more than seven years prior to the May 24, 1991, filing of the first amended complaint.  In her second amended complaint filed on March 6, 1996, plaintiff repled this allegation. Plaintiff also alleged that upon discovering Canter's plagiarism she immediately reported it to Northwestern officials.  According to plaintiff's own pleadings, as early as March 1984, she was aware that she was injured by defendant Canter's alleged conversion and that such injury may have been wrongfully caused.  Thus, the conversion claim accrued in March 1984.

   Because plaintiff's first amended complaint, which added professor Canter as a defendant, was not filed until May 24, 1991, more than two years after the expiration of the five-year statute of limitations provided in section 13-205 (735 ILCS 5/13-205 (West 1994)), plaintiff's conversion claim is barred.      

Alternatively, plaintiff argues that count II relates back to her original complaint because defendant Canter was inadvertently omitted.  In view of the record, this argument is not persuasive.  This court has held that the failure to name a defendant is considered inadvertent when the plaintiff has a lack of knowledge of the identity or existence of the defendant.  
Plooy v. Paryani
, 275 Ill. App. 3d 1074, 657 N.E.2d 12 (1995). 

In this case, the allegations contained in plaintiff's original complaint regarding Canter's alleged misappropriation reflect that plaintiff was aware of Canter's identity before the statute of limitations expired on her claim for conversion.  

Notwithstanding plaintiff's knowledge of Canter's identity, plaintiff did not name Canter as a defendant in her original complaint when she commenced this action on March 3, 1989.  As previously noted, Canter was not added as a defendant until plaintiff filed her first amended complaint on May 24, 1991.  

In addition, section 2-616(d) provides that a claim against a defendant who is later added cannot relate back unless the defendant, his agent or his partner was served with summons at the time the complaint was filed.  735 ILCS 5/2-616 (d)(3) (West 1994).  Here, the record indicates that defendant Canter was served with the summons and complaint on or about May 30, 1991.  

Inasmuch as plaintiff did not add defendant Canter as a defendant until more than seven years after the alleged acts of conversion occurred, count II relates back only to the first amended complaint in 1991 and not to the original complaint filed in 1989.  Consequently, the circuit court properly dismissed count II of plaintiff's second amended complaint as being time barred pursuant to section 13-205 (735 ILCS 5/13-205 (West 1994)).

Defendants also argue that the circuit court properly dismissed count II of plaintiff's second amended complaint because Illinois does not recognize a cause of action for conversion of intangible property such as ideas, and plaintiff has always been free to use her work as she wishes.  Plaintiff counters that while it may be true that ideas themselves are not a proper subject for conversion, once her ideas were put into writing they became tangible property in which she has an ownership interest and which may be a proper subject of conversion.  
Conant v. Karris
, 165 Ill. App. 3d 783, 520 N.E.2d 757 (1987).  

Our supreme court has stated that an action for conversion lies only for personal property that is tangible or at least represented by or connected with something tangible.  
In re Thebus
, 108 Ill. 2d 255, 483 N.E.2d 1258 (1985).  In this case, plaintiff's research is a proper subject of conversion because the printed copy of the research constituted tangible property.  
Conant
, 165 Ill. App. 3d 783, 520 N.E.2d 757.    

Finally, defendants argue that count II of plaintiff's second amended complaint is preempted by the federal Copyright Act.  Under section 301 of the federal Copyright Act, a state common law or statutory claim is preempted if:  (1) the work is within the scope of the subject matter of copyright and (2) the legal or equitable rights granted under state law are equivalent to any of the exclusive rights within the general scope of copyright. 17 U.S.C. §301 (1994).  Nevertheless, when a state law violation is predicated upon an act incorporating elements beyond mere reproduction or the like, the rights involved are not equivalent and preemption will not occur.  
Harper & Row, Publishers, Inc. v. Nation Enterprises
, 723 F.2d 195, 200 (2d Cir. 1983).  However, defendants contend that plaintiff does not allege any cognizable extra element that would turn her conversion claim into something qualitatively different from a copyright infringement claim.

In this case, plaintiff's allegations of conversion contained in the second amended complaint incorporate elements beyond mere reproduction or the like.  Plaintiff also alleges loss of physical control over her research project as well as deceitful and fraudulent conduct.  Therefore, plaintiff's conversion claim is not preempted by the federal Copyright Act.  Notwithstanding this fact, count II of plaintiff's second amended complaint fails because it was time barred pursuant to section 13-205 (735 ILCS 5/13-205 (West 1994)).   

Based upon the above-stated reasons, the orders of the circuit court are affirmed.

Affirmed.

CERDA, P.J., and WOLFSON, J., concur.