# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Nissan Motor Acceptance Corp. v. Abbas Holding I, Inc.*, 2012 IL App (1st) 111296

| | |
|---|---|
| Appellate Court Caption | NISSAN MOTOR ACCEPTANCE CORPORATION, Plaintiff-Appellee, v. ABBAS HOLDING I, INC., d/b/a Infinity Gold Coast, and JOSEPH ABBAS, Defendants-Appellants. |
| District & No. | First District, Second Division<br>Docket No. 1-11-1296 |
| Filed | August 21, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action to recover on a guaranty agreement, defendants' answers constituted binding judicial admissions that the individual defendant had signed and delivered the guaranty agreement to plaintiff and that a copy of the agreement was attached to plaintiff's first amended complaint, thereby discharging plaintiff from the need to produce the original agreement under the best evidence rule; therefore, judgment was properly entered against the individual defendant. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-50056; the Hon. Bill Taylor, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Chawala Group, Ltd., of Hinsdale (Meagan McEwen and David W. Lewarchik, of counsel), for appellants.

Stahl, Cowen, Crowley, Addis, LLC, of Chicago (Sarah E. Pace, of counsel), for appellee.

Panel

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Justices Connors and Harris concurred in the judgment and opinion.

## OPINION

¶ 1        Following a bench trial in the circuit court of Cook County, the trial court entered judgment in the amount of $581,419.82 in favor of plaintiff Nissan Motor Acceptance Corporation (Nissan), and against defendant Abbas Holding I, Inc., d/b/a Infinity Gold Coast (Abbas Holding). Upon reconsideration, the trial court also entered judgment against defendant Joseph Abbas. On appeal, Abbas Holding and Joseph Abbas argue that the trial court abused its discretion in entering judgment against Joseph Abbas upon reconsideration of its original ruling. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3        Nissan was a corporation engaged in the business of providing financing for consumers and automobile dealers, including Abbas Holding. Abbas Holding was an entity which operated a retail automobile dealership selling Infinity brand automobiles. Abbas Holding was owned and operated by its president, Joseph Abbas (Joseph).

¶ 4        On January 20, 2009, Nissan filed a three-count complaint against Abbas Holding and Joseph, as an individual, for replevin (count I), breach of an automobile wholesale financing and security agreement (count II) and breach of a continuing guaranty agreement (count III). On January 29, 2009, Nissan filed an "emergency motion for order for replevin" (emergency motion for replevin), alleging that Abbas Holding had defaulted on its loan payments to Nissan and had "verbally threatened to secret and damage the automobiles that are in [its] inventory, in derogation of Nissan's rights to that property." On February 3, 2009, the trial court granted the emergency motion for replevin of approximately 49 vehicles, which was later amended to include additional vehicles for seizure, from Abbas Holding.

¶ 5        On May 12, 2009, Nissan filed a first amended complaint against Abbas Holding and Joseph, which was substantially similar to the original complaint with the exception of an additional count for detinue (count IV). On April 1, 2010, Abbas Holding and Joseph filed

a verified answer to the first amended complaint, the pertinent parts of which are as follows:

"22. On or about February 26, 2007, [Joseph] made, signed, and delivered to [Nissan] a certain Continuing Guaranty Agreement ('Guaranty') in writing, whereby he promised and agreed promptly to pay any and all liabilities of [Abbas Holding] to [Nissan] then existing or due or to be incurred or become due.

**ANSWER:** [Joseph] denies the allegations contained within Paragraph 22 of [Nissan's] First Amended Complaint, except the allegation that on or about February 26, 2007, he made, signed, and delivered to [Nissan] a certain Continuing Guaranty Agreement ('Guaranty') in writing, subject to the production and examination of the original document.

23. The Guaranty was continuing, absolute, and unconditional, including all costs and expenses in enforcing the Guaranty. (A copy of the Guaranty is attached hereto as Exhibit D.)

**ANSWER:** [Joseph] denies the allegations contained within Paragraph 23 of [Nissan's] First Amended Complaint, except the allegation that [Nissan] has attached a copy of the Guaranty as Exhibit D."

On that same day, April 1, 2010, Abbas Holding and Joseph filed counterclaims against Nissan, alleging that Nissan breached a forbearance agreement (count I), engaged in tortious interference with Abbas Holding's prospective business (count II), committed fraud and misrepresentation (count III), made negligent misrepresentations to Abbas Holding (count IV), and committed the tort of conversion (count V).

¶ 6    On April 30, 2010, Nissan filed a motion to dismiss Abbas Holding and Joseph's counterclaims. On July 26, 2010, the trial court granted Nissan's motion to dismiss the counterclaims, but granted Abbas Holding and Joseph 28 days to plead affirmative defenses and to replead the counterclaim for fraud.

¶ 7    On September 20, 2010, the trial court set the matter for bench trial and ordered the parties' written discovery to be completed by October 18, 2010 and oral discovery to be completed by December 14, 2010. Further, the trial court granted Abbas Holding and Joseph until September 27, 2010 "to make any filing consistent with the 7/26/10 order." On September 27, 2010, Abbas Holding and Joseph filed affirmative defenses against Nissan, but did not replead the counterclaim for fraud.[1]

¶ 8    On October 7, 2010, Nissan filed a motion to compel written discovery (motion to compel) from Abbas Holding and Joseph, alleging that they had failed to produce documents or respond to Nissan's written interrogatories. On October 20, 2010, the trial court granted Nissan's motion to compel and ordered Abbas Holding and Joseph to produce documents and answer Nissan's written interrogatories, "without interposing objections," by November 3, 2010. Subsequently, Abbas Holding and Joseph failed to comply with the trial court's October 20, 2010 order. On December 14, 2010, the trial court found that Abbas Holding and

---

[1]The record is devoid of evidence that Abbas Holding and Joseph repled the counterclaim for fraud.

Joseph had "disobeyed and disregarded the court's order of October 20, 2010 compelling [them] to answer interrogatories and produce documents by November 3, 2010." The court ordered that Abbas Holding and Joseph's affirmative defenses be struck with prejudice and that no evidence be presented at trial in support of the affirmative defenses or counterclaims.

¶ 9     On February 7, 2011, a bench trial commenced during which Nissan presented the testimony of its sole witness, Kurt Bailey (Bailey), a Nissan senior manager who handled funding and retail contracts in connection with financing provided by Nissan to automobile dealers and consumers. Following closing arguments, the trial court entered judgment in the amount of $581,419.82 in favor of Nissan and solely against Abbas Holding. However, the trial court declined to enter judgment against Joseph as an individual, finding that the original "Continuing Guaranty Agreement" (guaranty agreement), which was the sole basis for proving liability against Joseph as a personal guarantor to the loans incurred by Abbas Holding, had not been presented at trial.

¶ 10    On February 10, 2011, Nissan filed a motion to reconsider and modify judgment (motion to reconsider), arguing that Joseph had made binding judicial admissions in his verified answers to Nissan's first amended complaint that he had signed the guaranty agreement and that it was attached as exhibit D to Nissan's first amended complaint. In the motion to reconsider, Nissan further argued that in light of Joseph's binding judicial admission that he had signed the guaranty agreement, Nissan was not required to present the original guaranty agreement at trial or to introduce any additional evidence that Joseph had signed the guaranty agreement. On April 12, 2011, the trial court granted Nissan's motion to reconsider and, consequently, also entered judgment against Joseph.

¶ 11    On May 5, 2011, Abbas Holding and Joseph filed a notice of appeal before this court.

¶ 12                                ANALYSIS

¶ 13    The issue before this court is whether the trial court erred in granting Nissan's motion to reconsider and in entering judgment against Joseph.[2]

¶ 14    Abbas Holding and Joseph argue that the trial court abused its discretion in granting Nissan's motion to reconsider and in entering judgment against Joseph personally, despite the fact that Nissan failed to produce the original guaranty agreement at trial. Specifically, they contend that under the best evidence rule, the original guaranty agreement must be produced at trial to prove liability against Joseph. Further, they maintain that Joseph's verified answers to paragraphs 22 and 23 of Nissan's first amended complaint could not be deemed judicial admissions, absent the production of the original guaranty agreement for examination.

¶ 15    Nissan counters that Abbas Holding and Joseph's verified answers–that Joseph had

---

[2]On appeal, Abbas Holding does not challenge the February 7, 2011 judgment entered against it in the amount of $581,419.82, but only challenges the judgment entered against Joseph. Thus, Abbas Holding has not asserted any claims for relief for itself on appeal, and this appeal could have been filed solely by Joseph.

signed and delivered the guaranty agreement to Nissan in February 2007 and that a copy of the guaranty agreement was attached as exhibit D to the first amended complaint–were binding judicial admissions that eliminated the need for proof of the admitted facts and rendered the "best evidence" argument moot. Nissan further asserts that because the trial court acted in a manner consistent with the applicable law, it did not abuse its direction by entering judgment against Joseph upon reconsideration of its original February 7, 2011 ruling.

¶ 16 Under section 2-1203 of the Code of Civil Procedure (the Code), "[i]n all cases tried without a jury, any party may, within 30 days after the entry of the judgment ***, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2-1203 (West 2010). The purpose of a motion to reconsider "is to bring to the trial court's attention newly discovered evidence not available at the time of the first hearing, changes in the law, or errors in the previous application of existing law to the facts at hand." *River Village I, LLC v. Central Insurance Cos.*, 396 Ill. App. 3d 480, 492, 919 N.E.2d 426, 436 (2009). Generally, a trial court's decision to grant or deny a motion to reconsider will not be reversed absent an abuse of discretion. *General Motors Acceptance Corp. v. Stoval*, 374 Ill. App. 3d 1064, 1078, 872 N.E.2d 91, 103 (2007). However, a reviewing court reviews the trial court's decision to grant or deny a motion to reconsider *de novo*, where the motion was based only on the trial court's application or purported misapplication of existing law, rather than on new facts or legal theories not presented at trial. *Bank of America, N.A. v. Ebro Foods, Inc.*, 409 Ill. App. 3d 704, 709, 948 N.E.2d 685, 689 (2011). Because Nissan's timely motion to reconsider was based solely on the trial court's purported misapplication of the law by requiring Nissan to prove facts at trial that had already been admitted by Joseph in paragraphs 22 and 23 of the verified answer, we review this issue *de novo*.

¶ 17 At trial, Bailey, a Nissan senior manager, testified that he reviewed loan documents as part of his job duties, including an "automobile wholesale financing security agreement" (automobile financing agreement) entered into by Nissan and Abbas Holding which contained the terms and conditions for financing vehicles in Abbas Holding's Infinity dealership. Bailey testified that shortly after the automobile financing agreement was executed, Abbas Holdings failed to make several payments to Nissan. The automobile financing agreement was admitted into evidence at trial. Bailey further testified that, in connection with Abbas Holding's automobile financing agreement, Joseph executed a personal guaranty agreement which "covered all obligations and debts that might be incurred by the dealership." During Bailey's testimony, Nissan's counsel presented a copy of the guaranty agreement, to which defense counsel objected on the basis that the original guaranty agreement must be produced as best evidence to prove Joseph's liability. In response, Nissan's counsel noted that Joseph had "already authenticated" the guaranty agreement through his verified answer and had acknowledged that the guaranty agreement was attached as an exhibit to Nissan's first amended complaint. However, Bailey's trial testimony revealed that the original guaranty agreement was located in Dallas, Texas, where Bailey resided. Consequently, the trial court sustained defense counsel's objection and denied Nissan's request to admit the copy of the guaranty agreement into evidence. Following closing

arguments, the parties engaged in another discussion regarding the guaranty agreement. Nissan's counsel reasserted that Joseph's verified answer to Nissan's first amended complaint was a judicial admission that the guaranty agreement was attached therein and that Abbas Holdings and Joseph had never asserted in pretrial pleadings that the guaranty agreement was a forgery. At the conclusion of trial on February 7, 2011, the trial court entered judgment against Abbas Holding in the amount of $581,419.82, but declined to enter judgment against Joseph personally because the original guaranty agreement had not been presented or admitted as evidence at trial.

¶ 18      Following the trial and the court's ruling, Nissan filed a motion to reconsider, requesting that the trial court modify its February 7, 2011 ruling to include an entry of judgment against Joseph personally in the amount which Abbas Holding was found to be liable. Following a hearing on the motion to reconsider, the trial court granted Nissan's motion to reconsider and entered judgment against Joseph personally in the amount of $581,419.82.

¶ 19      Section 2-610 of the Code provides that every answer and subsequent pleading "shall contain an explicit admission or denial of each allegation of the pleading to which it relates," and that "[e]very allegation, except allegations of damages, *not explicitly denied is admitted*, unless the party states in his or her pleading that he or she has no knowledge thereof sufficient to form a belief, and attaches an affidavit of the truth of the statement of want of knowledge." (Emphasis added.) 735 ILCS 5/2-610(a), (b) (West 2010). "Any admission contained in the original verified pleading, which is not the product of mistake or inadvertence, is a binding judicial admission." *Arpac Corp. v. Murray*, 226 Ill. App. 3d 65, 80, 589 N.E.2d 640, 652 (1992). Such an admission "has the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* at 80-81, 589 N.E.2d at 652; *Beverly Bank v. Coleman Air Transport*, 134 Ill. App. 3d 699, 703, 481 N.E.2d 54, 57 (1985). A judicial admission in a verified pleading "makes it unnecessary for the opposing party to introduce evidence in support thereof." *L.D.S., LLC v. Southern Cross Food, Ltd.*, 2011 IL App (1st) 102379, ¶ 35.

¶ 20      Paragraphs 22 and 23 of Nissan's first amended complaint pertained to its claim that Joseph breached the guaranty agreement (count III). As discussed, paragraph 22 alleged that "[o]n or about February 26, 2007, [Joseph] made, signed, and delivered to [Nissan] a certain Continuing Guaranty Agreement ('Guaranty') in writing, whereby he promised and agreed promptly to pay any and all liabilities of [Abbas Holding] to [Nissan] then existing or due or to be incurred or become due." In Abbas Holding and Joseph's verified answer, Joseph "denies the allegations contained within [p]aragraph 22 of [Nissan's] First Amended Complaint, *except the allegation that on or about February 26, 2007, he made, signed, and delivered to [Nissan] a certain Continuing Guaranty Agreement ('Guaranty') in writing, subject to the production and examination of the original document*." (Emphasis added.) Paragraph 23 of Nissan's first amended complaint alleged that the guaranty agreement "was continuing, absolute, and unconditional, including all costs and expenses in enforcing the Guaranty. (A copy of the Guaranty is attached hereto as Exhibit D.)" In Abbas Holding and Joseph's verified answer, Joseph "denies the allegations contained within [p]aragraph 23 of [Nissan's] First Amended Complaint, *except the allegation that [Nissan] has attached a copy of the Guaranty as Exhibit D*." (Emphasis added.)

¶ 21    We find that the italicized and "excepted" portions of Joseph's answers were not explicit denials of the allegations under section 2-610 of the Code and, thus, constituted admissions that Joseph had signed and delivered the guaranty agreement to Nissan and that a copy of the guaranty agreement was attached to Nissan's first amended complaint as an exhibit. Because Abbas Holding and Joseph do not argue that these admissions in the verified answer were the product of mistake or inadvertence, we find them to be binding judicial admissions which had "the effect of discharging the need for any further proof" to prove the existence of the guaranty agreement, as the trial court correctly noted in its April 12, 2011 ruling which granted Nissan's motion to reconsider. Accordingly, Nissan was not required to produce the original guaranty agreement at trial under the best evidence rule, and Joseph's answer to the allegations under paragraph 22 that his admission was made "subject to the production and examination of the original document" had absolutely no legal effect upon Nissan. See *Beverly Bank*, 134 Ill. App. 3d at 704, 481 N.E.2d at 57 (holding that personal guarantor's verified answer admitting plaintiff's allegations that a guaranty had been signed and delivered constituted a binding admission against personal guarantor); see generally *In re Estate of Weiland*, 338 Ill. App. 3d 585, 604, 788 N.E.2d 811, 827 (2003) (best evidence rule requires the existence of a contract or other writing to be proven by the original writing unless it is shown that the original was lost, destroyed, or otherwise unavailable).

¶ 22    Nonetheless, Abbas Holding and Joseph argue that Joseph's verified answers to the allegations contained in paragraphs 22 and 23 constituted a "denial as to the contents" of the guaranty agreement, which put the material terms of the guaranty agreement at issue unless the original guaranty agreement could be presented for examination.

¶ 23    We find this argument to be without merit, where, as discussed, Joseph's verified answer to the allegations in paragraph 23 specifically admitted that the guaranty agreement was attached to Nissan's first amended complaint as an exhibit. Thus, the contents of the guaranty agreement, as attached to the first amended complaint as an exhibit, were not an issue requiring proof at trial. Moreover, even if Abbas Holding and Joseph's verified answers challenged the *interpretation* of the terms of the guaranty agreement, we find that Bailey's trial testimony, based on his personal knowledge of the financing agreements at issue, presented uncontroverted evidence that the scope of Joseph's liability as personal guarantor for Abbas Holding "covered all obligations and debts that might be incurred by the dealership." Thus, because the automobile financing agreement defining Abbas Holding's obligations and debts to Nissan was admitted into evidence at trial, and testimonial evidence was presented at trial as to the scope of Joseph's obligations pursuant to the guaranty agreement, the trial court did not err in entering judgment against Joseph.

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 25    Affirmed.