2023 IL App (1st) 211350-U
No. 1-21-1350
Order filed February 27, 2023

First Division

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| BRYTON PROPERTIES, LLC, ADDISON SERIES, as Owners of the Premises Located at 2620 W. Addison, Chicago, IL, and BRYTON PROPERTIES, LLC, ROCKWELL SERIES, as Owners of the Premises Located at 2633 W. Addison, Chicago, IL, | ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) ) | Nos. 20-M-1705090, 20-M-1705091 |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | The Honorable Sondra Nicole Denmark, |
| KIDS' WORK CHICAGO, INC., | ) ) | Judge, presiding. |
| Defendant-Appellant. | ) | |

JUSTICE HYMAN delivered the judgment of the court.
Justices Pucinski and Coghlan concurred in the judgment.

¶ 1     *Held*: Trial court's judgment for defendant tenant in eviction case reversed where defendant judicially admitted receiving five-day notice by certified mail; trial court is instructed to vacate its judgment and enter judgment for plaintiffs.

¶ 2     Kids' Work Chicago, Inc. leased property from Bryton Properties, LLC, Addison Series, and Bryton Properties, LLC, Rockwell Series (collectively, "the Bryton LLCs") for a daycare center. In March 2020, Kids' Work stopped paying rent after the COVID-19 pandemic forced

it to close temporarily. In May 2020, after reopening with fewer children, Kids' Work did not resume its rent payments, labeling the pandemic a "casualty" under the lease, exempting payment of rent while closed and lowering rent while operating at a reduced capacity.

¶ 3 The Bryton LLCs filed a complaint to evict Kids' Work and a motion for use and occupancy payments. (Bryton Addison, LLC, and Bryton Rockwell, LLC, collectively "the Delaware LLCs," later substituted as plaintiffs.) After a five-day bench trial, the trial court entered judgment for Kids' Work, finding that the Delaware LLCs failed to present evidence showing service of the written demand notices ("five-day notice"), as required under section 9-211 of the Eviction Act (735 ILCS 5/9-211 (West 2020)) or satisfied the notice requirements of the leases. The Delaware LLCs filed a motion to reconsider, which the trial court denied.

¶ 4 The Delaware LLCs argue the trial court (i) erred in failing to recognize that Kids' Work judicially admitted that the Delaware LLCs "delivered" the five-day notices by "certified mail" and "served" the notices on Kids' Work, satisfying the statutory notice requirement; (ii) erred in finding the evidence the Delaware LLCs presented on delivery of written demand for payment of rent was inadequate under the lease; and (iii) abused its discretion in refusing to allow the Delaware LLCs to reopen the evidence to recall a witness to introduce evidence showing they served the five-day notices by certified mail.

¶ 5 We hold that Kids' Work judicially admitted receiving the five-day notices by certified mail, and the trial court erred in declining to accept the judicial admission. Accordingly, we reverse and remand with instructions to vacate the judgment in favor of Kids' Work and enter judgment for the Delaware LLCs.

¶ 6 Background

¶ 7    In *Bryton Properties, LLC v. Kids' Work Chicago, Inc*. 2022 IL App (1st) 210441, we affirmed the trial court's order requiring Kids' Work to make use and occupancy payments to the Delaware LLCs. So, we recite the facts relevant to this appeal

¶ 8    Kids' Work began leasing premises at 2620 West Addison as a daycare center in 2008. In 2011, Kids' Work signed a second lease for additional space at 2633 West Addison. Under the leases, failure "to make the payment of Rent or Additional Rent within five (5) days after written notice and demand thereof by Landlord" constituted a default.

¶ 9    In March 2020, following the governor's stay-at-home orders due to the COVID-19 pandemic, Kids' Work ceased operations and stopped paying rent on both properties. In mid-May 2020, Kids' Work reopened at reduced capacity, providing daycare services for essential workers at 2633 West Addison. Despite reopening, Kids' Work did not resume paying rent. Instead, Kids' Work asserted that the pandemic qualified as a "casualty" under the leases, exempting it from paying rent while closed and permitting reduced rent after it reopened at reduced capacity.

¶ 10    When negotiations between the parties fell through, the Bryton LLCs filed two verified forcible entry and detainer complaints in June 2020, which were later consolidated, alleging Kids' Work breached the leases and seeking possession and damages. The Bryton LLCs attached copies of the five-day notices as exhibits to their complaints and alleged that they were served "[o]n May 8, 2020." The five-day notices sought full payment of rent for April and May. Kids' Work filed several affirmative defenses and counterclaims, which the trial court dismissed.

¶ 11    At trial, the court granted the Bryton LLCs' motion to substitute the Delaware LLCs as plaintiffs. (The Bryton LLCs had conveyed the premises to the Delaware LLCs years earlier

regarding a loan.) The Delaware LLCs filed their First Amended Verified Complaints for Forcible Entry and Detainer and Money Damages reasserting claims for rent and possession. Kids' Work filed a combined motion to dismiss under section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2020)), arguing, in part, that the five-day notices were defective, having been served on Monday, May 18 and expiring on a Saturday, affording four and not the requisite five days for Kids Work's to pay the overdue rent.

¶ 12    During argument on the motions to dismiss, Kids' Work's attorney presented the United Postal Service certified return-receipt mail cards ("green cards") as evidence of the date it received the five-day notices. Counsel stated:

> "So[,] your Honor, this is, I believe *** plaintiff's trial Exhibit F, and it shows that this–the five-day notice they mailed by certified mail was delivered on May 18, 2020, ***. This was delivered on 5-18. Now looking at the calendar of May 2020, the 18th falls on a Monday. Five days is Tuesday, Wednesday, Thursday, Friday, Saturday. Their notice expires on Saturday. This is in violation of the statute. This is improper."

¶ 13    The trial court denied the motions to dismiss. The trial court accepted Kids' Work's assertion that it received the five-day notice on a Monday. Nevertheless, "there was a significant period of time between that five-day period and when the matter was actually filed *** on June 15, 2020, *** which is well beyond the five-day period."

¶ 14    When trial resumed, the Delaware LLCs called Tom Staunton to testify on service of the five-day notices. The Delaware LLCs attorney advised the trial court that Staunton's testimony would "be very brief, *especially in light of your Honor's ruling with regard to the validity of the five-day notice*. He's the individual who served them, placed them in certified mail. So given that aspect of the case seems to be ruled upon by your Honor, his involvement will be

minimal." (Emphasis added.) Kids' Work's counsel agreed, stating, "Staunton's testimony will take a few seconds because your Honor has ruled on the 2-615 and 2-619 basis already."

¶ 15    Staunton testified he was a manager for the plaintiffs and served the five-day notices for both properties. Specifically, on May 8, 2020, he sent the five-day notices for each property by certified mail to the individuals and entities listed in the notice, including Kids' Work and their former and current attorneys. He also posted a copy of the five-day notices on the doors of 2620 West Addison and 2633 West Addison. The trial court admitted into evidence both five-day notices. After calling one more witness, the Delaware LLCs rested, reserving the right to recall rebuttal witnesses.

¶ 16    Kids' Work moved for a directed finding under section 2-1110 of the Code (735 ILCS 5/2-1110 (West 2020)), reiterating its argument that the five-day notices were defective because they expired on a Saturday. Kids' Work also argued that the plaintiffs failed to present sufficient evidence to meet their burden of proving delivery of the five-day notices asserting that "there's no evidence in the record at this point that says [the Notices were] served and delivered" because "the green cards were not admitted" [into evidence].

¶ 17    In arguing against a directed finding, the Delaware LLCs argued that Staunton's unrebutted testimony constituted *prima facie* evidence of compliance with the notice requirements of the leases, which they asserted controlled over the notice requirements of the Eviction Act. Alternatively, the Delaware LLCs asserted they should be allowed to recall Staunton to introduce the green cards, stating, "at the conclusion of our case in chief, we reserved the right for a rebuttal witness, and if Kids' Work is going to put forth a representative *** to deny that they received the five-day notice, I'm happy to recall Mr. Staunton, and we can look at the

green cards then. But you know, it wasn't discussed because there's no need to because it hasn't been an issue in the case."

¶ 18   The trial court denied Kids' Work motion for a directed finding:

"I did have an opportunity to review the evidence, as I took copious notes, as well as the exhibits that have been admitted on both sides. I do see e-mails as well as deeds or what have you. However, I don't find that a motion for directed finding should be granted based on the evidence that is before me. So[,] for the directed finding, that will be denied."

¶ 19   After trial resumed the following Monday, Kids' Work rested without calling a witness. The Delaware LLCs attorney then asked the trial court to take judicial notice of the United States Postal Service website, which contains tracking information showing when the five-day notices were served. Alternatively, counsel asked to recall Staunton to present the green cards as evidence of service. The trial court denied the requests.

¶ 20   In finding that the Delaware LLCs failed to provide proof of service of the five-day notices, the court stated:

"The Court finds that [the Eviction Act] is controlling. But even if the Court were to consider the provisions in the lease that the plaintiff wants us to, it would mean that the Court would have to assume facts that are not in evidence. Mr. Staunton testified that it was mailed by registered mail. And going over the document in the lease that talks about notice, it does discuss registered mail, but it also indicates after deposit in the US Postal with proper postage. There was zero testimony in regards to whether it was, in fact, U.S. Mail; whether there was, in fact, proper postage; or even if it was overnight. So[,] the Court cannot assume facts that are not in evidence."

¶ 21        The Delaware LLCs filed a motion to reconsider or clarify the judgment, arguing that the trial court erred in holding that they failed to sufficiently prove that Kids' Work had received the five-day notices because: (i) the issue of delivery of the notices was conclusively established by Kids' Work's judicial admission during the hearing on its motions to dismiss the amended complaints; (ii) the decision to deny a directed finding for Kid's Work established that the Delaware LLCs had met their burden of proof with the notice provisions in section 23.05 of the leases, which controlled over the notice requirements of the Eviction Act; and (iii) the Delaware LLCs should be allowed to recall Staunton to introduce the green cards into evidence.

¶ 22        The trial court denied the motion to reconsider. As to the Delaware LLCs claim that Kids' Work had judicially admitted having been served with the five-day notices, the court stated, "At no point during the trial did the plaintiff ask the Court, request the Court, make any motions for the Court to take judicial notice of any of the hearings. *** [T]here were a number of motions and hearings that were heard by the court. However, when we went to trial *** the plaintiff in their case in chief, not requesting the Court take judicial notice, the plaintiff, therefore, did not provide the Court with proper service of the defendant."

¶ 23        On the inconsistency of denying Kids' Work's request for a directed finding and still entering judgment in Kids' Work's favor, the trial court stated, "I recognize that the Court did deny the motion for a directed finding. However, it still stands that the Court rules in favor of the defendant because the plaintiff did not meet its burden. *** I did have the opportunity over the weekend to review all of the evidence that was presented to the Court, and the evidence did not include the five-day notice. There was testimony in regards to the notice being posted,

but there was not testimony in regards to that five-day notice being mailed by certified mail. So[,] for that reason, your motion to reconsider will be denied."

¶ 24                                                    Analysis

¶ 25                                              Service of Notice

¶ 26        A forcible detainer action is a special statutory proceeding in derogation of the common law. The party requesting relief must comply with the requirements of the statute, especially those establishing jurisdiction. *Figueroa v. Deacon*, 404 Ill. App. 3d 48, 52 (2010). Where the statute includes a requirement that written demand be made before filing a complaint, the demand must strictly comply with the statute for jurisdiction to attach. *Id.*

¶ 27        Section 9-211 of the Act provides three methods of serving notice of termination on a tenant in actual possession of the premises: (i) delivering a written or printed, or partly written and printed copy to the tenant, (ii) leaving the notice with a person over the age of 13 who resides in or is in possession of the premises, or (iii) sending a copy to the tenant by certified or registered mail, with a returned receipt from the addressee. 735 ILCS 5/9-211 (West 2020).

¶ 28        Whether there has been substantial compliance with a statutory provision presents a question of law that we review *de novo*. *Figueroa v. Deacon*, 404 Ill. App. 3d at 52.

¶ 29                                            Judicial Admissions

¶ 30        The Delaware LLCs contend that during the hearing on the motions to dismiss, Kids' Work's attorney admitted that Kids' Works received the five-day notices, withdrawing the issue of service as an issue as a judicial admission.

¶ 31        A judicial admission (i) withdraws a fact from issue (*Serrano v. Rotman,* 406 Ill. App. 3d 900, 907 (2011)), (ii) binds the party that makes them (*Brummet v. Farel*, 217 Ill. App.3d 264,

267 (1991)), and, unlike an evidentiary admission, (iii) may not be controverted or explained at trial or on appeal (*Pryor v. American Central Transport, Inc.*, 260 Ill. App. 3d 76, 85 (1994)).

¶ 32    To constitute a judicial admission, the statement (i) "must be clear, unequivocal, and uniquely within the party's personal knowledge" and (ii) "an intentional statement which relates to concrete facts and not an inference or unclear summary." *Serrano,* 406 Ill. App. 3d at 907. The statement cannot be "a matter of opinion, estimate, appearance, inference, or uncertain summary." *Smith v. Pavlovich,* 394 Ill. App. 3d 458, 468 (2009).

¶ 33    Judicial admissions are not evidence and need not be introduced as evidence at trial. *Knauerhaze v. Nelson*, 361 Ill. App. 3d 538, 557-58 (citing J. Strong, McCormick on Evidence § 254 at 142 (4th ed. 1992). Further, statements in support of a motion to dismiss can constitute judicial admissions. See, *e.g., Abruzzo v. City of Park Ridge*, 2013 IL App (1st) 122360 (holding city's statement in reply brief filed in support of motion to dismiss was admissible as judicial admission); *Prentice v. UDC Advisory Services, Inc.,* 271 Ill. App. 3d 505, 513 (1995) (holding assertion in a motion to dismiss was binding judicial admission); *Lichon v. Aceto Chemical Co.*, 182 Ill. App. 3d 672 (1989) (holding statement in defendant's reply in support of motion to dismiss was binding judicial admission).

¶ 34    Courts have used *de novo* and abuse of discretion standards in deciding whether a statement constitutes a judicial admission. See *Crittenden v. Cook County Comm'n on Human Rights*, 2012 IL App (1st) 112437, ¶¶ 46-47. The *de novo* standard of review derives from the requirement that a judicial admission be "deliberate, clear, unequivocal statement" of a fact within that party's knowledge, a question of law and not fact. *North Shore Community Bank & Trust Co.,* 2014 IL App (1st) 123784, ¶ 117. The abuse of discretion standard focuses on the context of the judicial admission, finding that "[w]hat constitutes a judicial admission must be

decided under the circumstances in each case, and before a statement can be held to be such an admission, it must be given a meaning consistent with the context in which it was found." (Internal quotation marks omitted.) *Id.* ¶ 118 (quoting *Serrano*, 406 Ill. App. 3d at 907).

¶ 35     Cases applying either standard agree on the basic framework. *Crittenden*, 2012 IL App (1st) 112437, ¶ 48. A case applying *de novo* review also looks at the context of the statement, and a case applying the abuse of discretion standard still requires the statement to be " 'clear, unequivocal, and uniquely within the party's personal knowledge.' " *Id.* (quoting *Serrano*, 406 Ill. App. 3d at 907).

¶ 36     Under either standard, Kids' Work counsel made a judicial admission at the hearing on the motions to dismiss by stating as fact that her client had been served the five-day notices by certified mail. Specifically, in arguing for dismissal of the amended complaint, Kids' Work's counsel stated that "the five-day notice [the Delaware LLCs] mailed by certified mail was delivered on May 18, 2020." Kids' Work's attorney also showed the trial court the certified mail green cards as proof that Kids' Work received the five-day notice on May 18, a Monday, a prerequisite for arguing the notices were defective because they expired on a Saturday. The statement was neither a matter of opinion nor inference but clear, unequivocal, and uniquely in Kids' Work's knowledge, as Kids' Work knew when it received the five-day notice by certified mail.

¶ 37     At oral argument, Kids' Work attorney contended that an attorney's statement made during a hearing on a section 2-619 motion to dismiss could not be a judicial admission. She asserted that under section 2-619, a complaint's well-pleaded facts are accepted as true. *Doe v. University of Chicago Medical Center*, 2015 IL App (1st) 133735, ¶ 35. Thus, she contended that in arguing the motion to dismiss before the trial court, she was not admitting that the

Delaware LLCs properly served the five-day notices. Not so. In their complaint, the Delaware LLCs alleged they served the five-day notices on May 8, 2020. Rather than accepting that fact as true, Kids' Work's counsel argued that the five-day notices were defective because they had been served on May 18, a Monday, which did not give Kids' Work five days to respond. This affirmative statement on behalf of Kids' Work constituted a judicial admission of service of the five-day notices on May 18, thereby withdrawing the issue from trial. *Abruzzo*, 2013 IL App (1st) 12236, ¶ 36.

¶ 38                                          Motion to Reconsider

¶ 39        In ruling on the motion to reconsider, the trial court found that the Delaware LLCs could not raise the judicial admission because they had not asked the court to take judicial notice in their "case in chief" during the trial.

¶ 40        As noted, statements made in a motion to dismiss can constitute a judicial admission, which "have the effect of withdrawing a fact from issue and dispensing wholly with need for proof of that fact." *Abruzzo*, 2013 IL App (1st) 12236, ¶ 36. Thus, in assessing whether the Delaware LLCs satisfied the notice requirements of the Eviction Act, the trial court should have considered Kids' Work's judicial admission. *Nissan Motor Acceptance Corp. v. Abbas Holding, Inc.*, 2012 IL App (1st) 111296, ¶¶ 16-17 is instructive.

¶ 41        In *Nissan*, an automobile financing company sued a dealership and its president, alleging, in part, breach of a financing agreement and a guaranty agreement. *Nissan Motor Acceptance Corp.*. 2012 IL App (1st) 111296, ¶ 4. At the bench trial, the plaintiff presented a senior manager who testified that he reviewed the loan documents, including the personal guaranty agreement. *Id.* ¶ 17. Plaintiff sought to have a copy of the guaranty agreement entered into evidence. *Id.* Defense counsel objected because the original guaranty agreement must be

produced as best evidence. *Id*. In response, plaintiff's attorney noted that defendant had "already authenticated" the guaranty agreement through his verified answer and had acknowledged to attaching the guaranty agreement as an exhibit to the first amended complaint. *Id*. The trial court sustained defense counsel's objection. *Id*. The trial court entered judgment against the dealership but declined to enter judgment against its president personally because the original guaranty agreement had not been presented or admitted as evidence at trial. *Id*.

¶ 42        Plaintiff filed a motion to reconsider, which the trial court granted, modifying its ruling to include an entry of judgment against the defendant personally. Before the appellate court, defendants argued that the trial court abused its discretion in granting the plaintiff's motion to reconsider and in entering judgment on the personal guaranty because the plaintiff failed to produce the original guaranty agreement at trial. The appellate court affirmed, finding the statements in the verified answer were "binding judicial admissions which had 'the effect of discharging the need for any further proof' to prove the existence of the guaranty agreement, as the trial court correctly noted in its *** ruling *** grant[ing] [the plaintiff's] motion to reconsider." *Nissan Motor Acceptance Corp. v. Abbas Holding, Inc*., 2012 IL App (1st) 111296, ¶ 21.

¶ 43        Like the plaintiff in *Nissan*, the Delaware LLCs did not ask the trial court to take judicial notice of Kids' Work's judicial admission regarding service during the trial, but that did not preclude the trial court from considering those admissions when ruling on the motion to reconsider. As noted in its motion to dismiss and during arguments in support of the motion, Kids' Work's counsel acknowledged service on her client of the five-day notices occurred May

18. The trial court should have considered counsel's judicial admission on the issue of service and granted the motion to reconsider.

¶ 44  Kids' Work argues against reliance on *Nissan* because it "conflates judicial admissions made in pleadings by a party with judicial admissions made in argument by a party's counsel." As noted, factual statements in support of a motion to dismiss can constitute judicial admissions. *See Prentice v. UDC Advisory Services, Inc*., 271 Ill. App. 3d 505, 513 (1995) (judicial admission where party asserted in motion to dismiss and reply memorandum that written contract existed). Kids' Work appears to argue that oral statements made in court by an attorney in support of a motion to dismiss should be treated differently than statements made in the written motion itself. Kids' Work cites no cases to support this argument, nor did our research.

¶ 45  In addition, one of the purposes of a motion to reconsider is to bring to the court's attention errors in the court's application of the law. *Evanston Ins. Co. v. Riseborough*, 2014 IL 114271, ¶ 36. Thus, the Delaware LLCs motion to reconsider was the appropriate course to advise the trial court to reevaluate its judgment in light of the judicial admission.

¶ 46  Lastly, we address Kids' Work's contention that the five-day notices were defective because they were not served by a party with standing in the case. Kids' Work argues that after the Bryton LLCs served the five-day notices, they substituted as plaintiffs the Delaware LLCs, which they contend lack standing. Kids' Work raised this issue in the trial court, arguing that because the Bryton LLCs conveyed the two premises to the Delaware LLCs without reserving the right to possession or rent, the Delaware LLCs lacked standing to seek possession. The trial court found that Kids' Work waived the standing argument by failing to raise it as an affirmative defense. The trial court also rejected Kids' Work's contention in its motion to

reconsider that the trial court lacked subject-matter jurisdiction because the Bryton LLCs lacked standing.

¶ 47    Kids' Work already asked this court to reverse the trial court's findings on standing and subject matter jurisdiction. *Bryton Properties, LLC,* 2022 IL App (1st) 210441 ¶22. We held that because the trial court's orders denying Kids' Work's motion to dismiss and motion to reconsider did not include Rule 304(a) language or a certified question under Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019), we lacked jurisdiction to review them. *Id.* ¶ 28.

¶ 48    The law of the case doctrine provides that issues presented and disposed of in an earlier appeal are binding and will control the circuit court on remand, as well as the appellate court in a later appeal, unless the facts presented differ so much as to require a different interpretation. *Bilut v. Northwestern University*, 296 Ill. App. 3d 42, 47 (1998). The remedy for a dissatisfied party is to file a petition for rehearing or leave to appeal to the supreme court. *Id*. The standing and subject matter jurisdiction issues, as well as the question of whether the Delaware LLCs were properly substituted in as plaintiffs, have been decided. The law of the case doctrine bars Kids' Work from raising them to challenge the service of the five-day notices and in future appeals.

¶ 49    We reverse and remand for the trial court to vacate its judgment for Kids' Work and enter judgment in favor of the Delaware LLCs on its complaint for possession and damages.

¶ 50    Reversed and remanded with instructions.