No. 2--03--0362

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT 

______________________________________________________________________________

In re
 MARRIAGE OF ) Appeal from the Circuit Court

MARGARET NETTLETON, ) of Du Page County.

)

Petitioner-Appellee, )

) No.  02--D--3037

and )

)

MARK TERRELL, ) Honorable

) Brian R. McKillip,

Respondent-Appellant. ) Judge, Presiding.

________________________________________________________________
______________

JUSTICE HUTCHINSON delivered the opinion of the court:

Pursuant to Supreme Court Rule 304(b)(5) (155 Ill. 2d R. 304(b)(5)), respondent, Mark Terrell, appeals from the trial court's order finding him in indirect civil contempt for refusing to comply with a prior order directing him to pay temporary maintenance to petitioner, Margaret Nettleton.  In challenging the trial court's contempt order, respondent also requests this court to review the trial court's adverse rulings on his motions for substitution of judge and for dismissal of petitioner's petition for dissolution of marriage.  Because the trial court's rulings on those motions do not bear directly on the question of whether the trial court's finding of contempt was proper, we currently lack jurisdiction to consider the rulings on those motions.  With respect to the trial court's order finding respondent in indirect civil contempt, we vacate.

The record reflects the following facts.  Petitioner and respondent were married in August 1988.  The parties had no children during the marriage.  Petitioner's first petition for dissolution (the first petition), filed in July 2001, alleged irreconcilable differences, extreme and repeated mental cruelty, and adultery.  The first petition was docketed as No. 01--D--1727 and was assigned to Judge Brian McKillip.  Respondent filed a counterpetition for dissolution.  The case remained on the trial court's docket for more than a year, during which time the trial court made several rulings on substantive issues, including a ruling on temporary maintenance.

On December 6, 2002, the case came up for trial.  Petitioner moved for a voluntary nonsuit, which the trial court denied because of respondent's objection to the lack of notice.  The trial court subsequently dismissed petitioner's petition upon her failure to prove grounds for a dissolution.  Thereafter, the trial court dismissed respondent's counterpetition for want of prosecution when respondent declined to proceed on his counterpetition.

On December 13, 2002, petitioner filed a second petition for dissolution of marriage (the second petition), alleging grounds of irreconcilable differences and adultery.  Petitioner also filed a petition for temporary relief, requesting the award of temporary monthly maintenance.  This case was docketed as No. 02--D--3037 and was assigned to Judge Dorothy French.  On January 13, 2003, respondent filed a two-count motion to dismiss.  Count I alleged that the trial court lacked personal jurisdiction over respondent, and count II argued that the dismissal of the first petition was 
res judicata
.  Upon being notified of the existence of the first petition, Judge French transferred the case back to Judge McKillip under local court rule, noting in her order, "Case previously assigned to Judge McKillip."  On January 16, 2003, respondent filed a motion for substitution of judge as a matter of right pursuant to section 2--1001(a)(2) of the Code of Civil Procedure (735 ILCS 5/2--1001(a)(2) (West 2002)).  Petitioner responded that respondent's request should be denied because Judge McKillip had already made substantive rulings in regard to the first petition.  Petitioner concluded that, as for her second petition, respondent had waived his right to seek substitution as a matter of right.

The parties fully briefed the issue, and on February 4, 2003, the trial court conducted a hearing on respondent's motion for substitution of judge.  Following arguments of the parties, the trial court denied respondent's motion for substitution.  The trial court also denied respondent's requests for a finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) or for certification pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308).  Respondent's counsel then advised the trial court that, to test the appropriateness of its ruling, respondent would have to be held in contempt.  The trial court indicated that it would not hold respondent in contempt.

On February 7, 2003, the trial court conducted a hearing on respondent's motion to dismiss.  Following arguments of the parties, the trial court denied both counts.  The trial court also refused respondent's requests for a Rule 304(a) finding or for certification of the question under Rule 308.

On March 14, 2003, the trial court conducted a hearing on petitioner's petition for temporary maintenance.  Following the presentation of evidence, the trial court continued the matter for the completion of closing arguments and for a ruling.  On March 17, 2003, the trial court awarded petitioner temporary maintenance in the amount of $4,070 per month.  The trial court and the parties agreed to reconvene at 10:30 a.m. on March 20, 2003, to enter the maintenance order.  Also on March 17, respondent filed a "stipulation" that he be held in indirect civil contempt for his failure to pay court-ordered maintenance.  In the stipulation, respondent narrated the background of petitioner's first and second petitions for dissolution, set forth the trial court's rulings on his motion for substitution of judge and motion to dismiss, and expressed that he had unsuccessfully requested the trial court to allow an interlocutory appeal on the issues of the substitution of judge and the dismissal of petitioner's second petition.  The stipulation also reflected that on February 4, 2003, counsel had informed the trial court that the only other way to bring these matters before the appellate court was to have the trial court hold respondent in contempt but that the trial court had refused to do so at that time.

The stipulation further recited that, in the event respondent was ordered to pay temporary maintenance to petitioner, he had informed his and petitioner's counsel that he would not pay the maintenance and would voluntarily allow himself to be held in indirect civil contempt to challenge the validity of the trial court's rulings concerning his motion for substitution of judge and his motion to dismiss.  Respondent also waived the formal pleading requirement of requesting a finding of contempt and he agreed to interpose no defense to an oral request.

On March 20, 2003, the trial court entered an order awarding petitioner $4,070 per month in temporary maintenance retroactive to the effective date of service on respondent of her second petition.  On the same date, the trial court entered an order finding that respondent's conduct and failure to comply with the temporary maintenance order were contumacious and holding him in indirect civil contempt.  The contempt order also required respondent's incarceration but stayed the incarceration to give respondent time to satisfy the arrearage.  Respondent filed his notice of appeal the same day.  Respondent's counsel has since represented to this court that respondent has paid the purge amount of $12,210.

During the pendency of this appeal, petitioner filed a motion to dismiss this appeal for lack of jurisdiction, arguing that respondent's notice of appeal was not timely filed.  Petitioner notes that the trial court's order finding respondent in indirect civil contempt bears a stamp reflecting a filing date of March 20, 2003, and a time of 11:27 a.m.; meanwhile, respondent's notice of appeal bears a stamp reflecting a filing date of March 20, 2003, and a time of 11:34 a.m.; and the trial court's order awarding petitioner temporary maintenance bears a stamp reflecting a filing date of March 20, 2003, and a time of 11:54 a.m.  Petitioner concludes that we lack jurisdiction because the sequence of filing times reflects that respondent filed his notice of appeal before the trial court entered its final order awarding petitioner temporary maintenance.

Respondent filed an objection to petitioner's motion, denying that his notice of appeal was premature.  In his objection, respondent argues that the trial court's order holding him in contempt expressly indicated that it had already entered the temporary maintenance order before it entered the contempt order.  Respondent further argues that he filed his notice of appeal after the trial court entered the order finding him in contempt and that the file stamps on the documents confirm that fact.  With respect to the time stamp, respondent states, first, that the time stamp on the maintenance order is irrelevant to his appeal because jurisdiction is based on the contempt order and not the maintenance order, and second, that he had no control over the actions of the court personnel.  We ordered petitioner's motion to dismiss and respondent's objection taken with the case.

Our supreme court has the sole responsibility for promulgating rules governing appeals from the circuit court.  See Ill. Const. 1970, art. VI, §1; 
People v. Cox
, 82 Ill. 2d 268, 274 (1980), citing 
People ex rel. Stamos v. Jones
, 40 Ill. 2d 62, 66 (1968).  The timely filing of a notice of appeal is mandatory and jurisdictional.  See 155 Ill. 2d R. 301; 
In re Estate of Kunsch
, 342 Ill. App. 3d 552, 553 (2003).  Supreme Court Rule 303(a)(1) requires that a notice of appeal be filed within 30 days from the entry of final judgment.  155 Ill. 2d R. 303(a); 
In re Marriage of Devick
, 335 Ill. App. 3d 734, 741 (2002).

Supreme Court Rule 272 states: 

"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge or if a circuit court rule requires the prevailing party to submit a draft order, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." 137 Ill. 2d R. 272.

The purpose of Rule 272 is to resolve the difficulties encountered regarding the timeliness of an appeal where an oral announcement of judgment from the bench antedated the entry of a written judgment order.  
In re Marriage of Van Zuidam
, 162 Ill. App. 3d 942, 947 (1987), citing 
West v. West
, 76 Ill. 2d 226, 233 (1979).  The effective date of a final judgment is when the court's action is publicly expressed, in words and at the situs of the proceeding.  See 
Granite City Lodge No. 272, Loyal Order of the Moose v. City of Granite City
, 141 Ill. 2d 122, 123 (1990).  "A judgment 'becomes public at the situs of the proceeding when it is filed with the clerk of the court.' "  
Granite City Lodge
, 141 Ill. 2d at 126, quoting 
People ex rel. Schwartz v. Fagerholm
, 17 Ill. 2d 131, 137 (1959).  These rules require strict compliance, and neither a trial court nor a reviewing court has the authority to excuse compliance with the filing requirements of the rules.  
Kunsch
, 342 Ill. App. 3d at 553, citing 
Mitchell v. Fiat-Allis, Inc.
, 158 Ill. 2d 143, 150 (1994). 

In the present case, the trial court ruled on March 17, 2003, that petitioner was entitled to maintenance in the amount of $4,070 per month.  When the parties and the trial court discussed the preparation of the written order, the trial court announced that it would not be available for two days.  The trial court and the parties agreed to reconvene at 10:30 a.m. on March 20, 2003, to enter the maintenance order.  On March 20, 2003, respondent's counsel tendered the maintenance order to the trial court for its entry.  Respondent's counsel then informed the trial court of the parties' stipulation to indirect civil contempt and tendered an order finding respondent in indirect civil contempt.  After some discussion, the trial court entered the order.  The record reflects that the trial court's order awarding petitioner temporary maintenance was stamped March 20, 2003; the order finding respondent in indirect civil contempt was stamped March 20, 2003; and respondent's notice of appeal was stamped March 20, 2003.  In accordance with the foregoing authorities, we find that the trial court's contempt order was entered on March 20, 2003, the date the order was signed and filed with the clerk of the court.  See 134 Ill. 2d R. 272; 
Granite City Lodge
, 141 Ill. 2d at 126.

We further find that respondent's notice of appeal, which was also filed on March 20, 2003, was filed subsequent to and within 30 days from the entry of the trial court's contempt order.  See 155 Ill. 2d R. 303(a); 
Devick
, 335 Ill. App. 3d at 741.  The record clearly reflects that the trial court had already ruled on petitioner's petition for temporary maintenance before it found respondent in indirect civil contempt.  We reject petitioner's argument that the notice of appeal is untimely simply because the circuit clerk's office stamped the documents out of sequence.  In interpreting a supreme court rule, we apply the same principles that are used to construe a statute, and our goal is to determine the intent of the drafters of the rule.  
In re Marriage of Webb
, 333 Ill. App. 3d 1104, 1108 (2002), citing 
In re Marriage of Zuberbier
, 309 Ill. App. 3d 386, 388 (1999).  Whenever possible, we will avoid a construction that leads to absurd or unjust results, and we will presume that the drafters intended a sensible result rather than an absurd one.  See 
In re Marriage of Kirkpatrick
, 329 Ill. App. 3d 202, 210 (2002).  Based on our review of the proceedings, and given the burdens that the circuit clerk's office faces in processing various documents presented at the same time or within seconds or minutes of each other, we do not believe that the drafters intended such a narrow interpretation of Rule 303.  To conclude otherwise would have courts determine when a document was filed by the time on the filing stamp rather than by when it was actually entered and given to the clerk for filing.  This conclusion would subject jurisdiction to the foibles of a deputy clerk stamping numerous documents rather than to whether the documents were entered and filed in the correct chronological order.  We do not believe that such a result was intended by the drafters of the rule.  Because respondent's notice of appeal was properly filed within 30 days of the trial court's contempt order (155 Ill.2d R. 303(a)(1)), this court has jurisdiction.  Accordingly, we deny petitioner's motion to dismiss the appeal for lack of jurisdiction.

However, this does not end our jurisdictional inquiry.  Although we conclude that respondent's notice of appeal was timely filed, this court still has a duty to determine the scope of our review.  See 
Department of Central Management Services v. American Federation of State, County & Municipal Employees
, 182 Ill. 2d 234, 238 (1998).  Jurisdiction of the appellate court must be decided prior to addressing the "merits" of an appeal.  
In re Marriage of Blanchard
, 305 Ill. App. 3d 348, 351 (1999).  We may review appeals only from final judgments unless otherwise authorized by supreme court rule.  
Department of Central Management Services
, 182 Ill. 2d at 238.

According to the jurisdictional statement filed by respondent, this court has jurisdiction pursuant to Supreme Court Rule 304(b)(5) (155 Ill. 2d R. 304(b)(5)).  Rule 304(b)(5) governs appeals from final judgments that do not dispose of entire proceedings and provides:

"(b)  Judgments and Orders Appealable Without Special Finding.  The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:

* * *

(5)  An order finding a person or entity in contempt of court which imposes a monetary or other penalty."  155 Ill. 2d R. 304(b)(5).

In the present case, respondent filed a "stipulation" to indirect civil contempt.  In the filing, respondent explained that he sought a finding of indirect civil contempt for the sole purpose of bringing an immediate appeal to challenge the trial court's prior rulings on his motion for substitution of judge and motion to dismiss.  Respondent expressed that he was unable to take an interlocutory appeal because the trial court had denied his earlier requests for Rule 304(a) language or for a certification pursuant to Rule 308.  Therefore, respondent asserted to the trial court that the only other way to bring these matters before the appellate court was to have the trial court hold him in contempt.

Respondent has misconstrued the plain meaning of Rule 304(b)(5).  The construction of a supreme court rule is a question of law, subject to 
de novo
 review.  
Webb
, 333 Ill. App. 3d at 1108, citing 
Zuberbier
, 309 Ill. App. 3d at 388.  As we previously stated, in interpreting a supreme court rule, we apply the same principles that are employed to construe a statute, and our goal is to determine the intent of the drafters of the rule.  
Webb
, 333 Ill. App. 3d at 1108, citing 
Zuberbier
, 309 Ill. App. 3d at 388.  The rule plainly states that the only order that is subject to review is the 
order
 finding him in contempt.  See 155 Ill. 2d R. 304(b)(5).  The review of a contempt finding necessarily requires review of the order upon which it is based.  
Norskog v. Pfiel
, 197 Ill. 2d 60, 69 (2001), citing 
Waste Management, Inc. v. International Surplus Lines Insurance Co.
, 144 Ill. 2d 178, 189 (1991).  In the present case, therefore, our review of the trial court's finding of indirect civil contempt will encompass a review only of the order that respondent has refused to comply with, that is, the March 20, 2003, order compelling respondent to pay temporary maintenance to petitioner.

In 
People ex rel. Scott v. Silverstein
, 87 Ill. 2d 167 (1981), our supreme court analyzed the appealability of an order denying a motion to quash a subpoena, stating:

"Preliminary orders in a pending case are not appealable because they are reviewable on appeal from the final order.  [Citation.]  However, an order cast in terms of a contempt proceeding imposing sanctions is a final and appealable order and has been held to be an appropriate method for testing pretrial discovery orders.  [Citations.]  The imposition of a sanction for contempt is final and appealable because, although occurring within the context of another proceeding and thus having the appearance of being interlocutory, it is an original special proceeding, collateral to and independent of, the case in which the contempt arises.  [Citations.]  It is the end of the proceeding begun against the witness.  There is nothing left to be done but enforce the judgment."  
Silverstein
, 87 Ill. 2d at 171-72.

As in 
Silverstein
, the trial court's orders denying respondent's motion for substitution of judge and motion to dismiss, as they presently stand, are not final.  Rather, they are interlocutory, made as preliminary orders in a pending suit.  Under 
Silverstein
, such orders are not appealable because they are reviewable on appeal from the final order.  See, 
e.g.
, 
In re Marriage of Abma
, 308 Ill. App. 3d 605 (1999) (appealing the trial court's denial of a motion for substitution of judge as a matter of right following the trial court's judgment of dissolution and division of marital property).  Therefore, even if the trial court had included in its rulings that there was "no just reason to delay appeal or enforcement of this order," such language would not have vested this court with jurisdiction to review the otherwise nonappealable orders.  See 
In re Marriage of Koch
, 119 Ill. App. 3d 388, 389 (1983).  Moreover, the trial court declined to certify either of respondent's questions for permissive appeal pursuant to Rule 308; we therefore have no jurisdiction to review them pursuant to Rule 308.  But see 
Sahoury v. Moses
, 308 Ill. App. 3d 413 (1999) (reviewing court considered a trial court ruling on a party's motion for substitution of judge as a matter of right following the trial court's certification pursuant to Rule 308).

In 1983 our supreme court held that a judgment of dissolution was not final and appealable unless all issues had been determined.  
In re Marriage of Leopando
, 96 Ill. 2d 114, 120 (1983).  The 
Leopando
 court considered whether a custody order was appealable where other issues in the dissolution action had been reserved.  The 
Leopando
 court stated that a petition for dissolution of marriage advances a single claim, and questions regarding custody, property division, and support are ancillary to the cause of action.  
Leopando
, 96 Ill. 2d at 119.  The court concluded that, until all of the issues were resolved, the petition for dissolution was not fully adjudicated and no appeal could be taken.  
Leopando
, 96 Ill. 2d at 119.  More recently, in 
In re Marriage of King
, 208 Ill. 2d 332 (2003), our supreme court relied on the analysis in 
Leopando
 when it determined that a judgment awarding attorney fees to withdrawing counsel that was entered prior to a judgment of dissolution was not a final and appealable order until the dissolution was finalized.  
King
, 208 Ill. 2d at 340-47.

We note that, in 
Sarah Bush Lincoln Health Center v. Berlin
, 268 Ill. App. 3d 184, 186-87 (1994), 
rev'd on other grounds
, 179 Ill. 2d 1 (1997), the appellate court determined it could consider, in an interlocutory appeal from a preliminary injunction, whether the trial court erred in denying a motion for substitution of judge.  The appellate court noted that the propriety of an order granting or denying interlocutory injunctive relief could be determined only in an appeal brought pursuant to Supreme Court Rule 307(a)(1) (155 Ill. 2d R. 307(a)(1)).  
Berlin
, 268 Ill. App. 3d at 187. It held, however, that the scope of review under Rule 307 included the review of any prior error 
bearing directly
 upon the question of whether the order on appeal was proper.  
Berlin
, 268 Ill. App. 3d at 187.  The appellate court reviewed uncontroverted facts to determine whether the motion was timely filed before any substantive issue had been ruled upon subsequent to the appearance of the movant.

In this case, however, the propriety of the trial court's order denying respondent's motion for substitution of judge and motion to dismiss petitioner's petition for dissolution of marriage is not uncontroverted.  There would have to be a separate hearing in the trial court to determine whether substantial issues were decided in the cause of action such that the motion was or was not timely.  Such a hearing on timeliness, and its concomitant rulings, unlike the uncontroverted facts in 
Berlin
, are not contained in this record.  We therefore are unable to determine that the trial court lacked jurisdiction to enter the order.

Even if, 
arguendo
, the trial court had conducted a hearing on whether the motion for substitution of judge was timely filed, we believe that the supreme court rule should prevail over the ruling of 
Berlin
, such that we are precluded from reviewing the merits of the rulings on the motions.  The trial court found respondent in indirect civil contempt because respondent stipulated and agreed to withhold maintenance that was rightfully owed to petitioner.  No matter how erroneous, a trial court's order made within the proper exercise of jurisdiction must be obeyed until the order is modified or set aside by the trial court or reversed on appeal.  
Cummings-Landau Laundry Machinery Co. v. Koplin
, 386 Ill. 368, 385 (1944).  Accordingly, the trial court's rulings on the motion for substitution of judge and the motion to dismiss are not properly before us.

We find further support for our decision from almost every authority cited by respondent.  In none of the cases cited by respondent was a motion for substitution of judge or motion to dismiss presented in an interlocutory appeal.  See, 
e.g.
, 
Blair v. Mackoff
, 284 Ill. App. 3d 836 (1996); 
In re Marriage of Stanley
, 133 Ill. App. 3d 963 (1985).  An interpretation contrary to ours reached here would render meaningless all other rules requiring a final order by allowing a party to circumvent a trial court's refusal to include Rule 304(a) language in its order or its refusal to certify the issue pursuant to Rule 308 merely by refusing to comply with an order by which the party's refusal to comply would result in a contempt order and challenge all other orders with which the party is dissatisfied.  See, 
e.g.
, 
Bearden v. Hamby
, 240 Ill. App. 3d 779, 784 (1992) (permitting review of a contempt finding but refusing to consider the trial court's ruling on the party's motion 
in limine
 because it was not a final and appealable order and it did not fall under any exceptions to the general rule that preliminary orders are not appealable).  We therefore decline to subvert our supreme court's rules and precedent by considering respondent's requests for review of issues not properly before us at this juncture.

We do, however, have jurisdiction to consider the trial court's contempt finding and the underlying order compelling respondent to pay temporary maintenance to petitioner.  The purpose of civil contempt is to coerce compliance with the order of a court.  
In re Marriage of Berto
, 344 Ill. App. 3d 705, 712 (2003).  Here, respondent presented a stipulation reflecting his intention not to pay petitioner temporary maintenance.  The trial court entered an order finding that respondent's conduct and failure to comply with the order were contumacious and thereafter held him in indirect civil contempt.  In proceedings concerning civil contempt, the trial court seeks only to secure obedience of its prior order.  
Berto
, 344 Ill. App. 3d at 712, citing 
In re Marriage of Logston
, 
103 Ill. 2d 266, 289 (1984).  Upon the trial court's receipt of the tendered arrearage, respondent would be in compliance.  In the present case, the record reflects that respondent's counsel has represented without objection that respondent has paid the purge amount of $12,210.  Therefore, vacatur of the contempt order is appropriate.  See 
Berto
, 344 Ill. App. 3d at 712.

Furthermore, it is appropriate to vacate a contempt citation on appeal where a party's refusal to comply with a trial court's order constitutes a good-faith effort to secure an interpretation of an issue without direct precedent.  
In re Marriage of Daniels
, 240 Ill. App. 3d 314, 338-39 (1992).  In this case, the record indicates that petitioner asked to be held in contempt because he thought that it was the only other method to obtain review of his issues following the trial court's refusal to include language pursuant to Rule 304(a) or a certification pursuant to Rule 308.  The trial court's order also reflects that it understood that respondent's reason for refusing to pay temporary maintenance to petitioner was to obtain appellate review of the motion for substitution of judge and the motion to dismiss.  In light of this, we vacate the order of contempt against respondent.

For the foregoing reasons, the circuit court's order of indirect civil contempt is vacated.

Contempt order vacated.

McLAREN and CALLUM, JJ., concur.