2023 IL App (1st) 221045-U

Nos. 1-22-1045, 1-22-1168 (cons.)

Third Division
March 29, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

|  |  |  |
|---|---|---|
| *In re* MARRIAGE OF | ) | |
| | ) | |
| | ) | Appeal from the Circuit Court |
| TORI NGUYEN, | ) | of Cook County. |
| | ) | |
|     Petitioner-Appellee, | ) | No. 2016 D 11149 |
| | ) | |
| and | ) | The Honorable |
| | ) | Michael Forti, |
| VIET NGUYEN, | ) | Judge Presiding. |
| | ) | |
|     Respondent-Appellant. | ) | |
| | ) | |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice McBride and Justice Burke concurred in the judgment.

**ORDER**

¶ 1    *Held:* Where the respondent has admitted to violating a court order and has provided no valid excuse for his failure to comply with the order, the circuit court's finding of indirect civil contempt is affirmed.

¶ 2    Petitioner Tori Nguyen (Tori) and respondent Viet Nguyen (Viet) were married in 2001 and had two children before the dissolution of their marriage in 2020. The judgment for dissolution of marriage incorporated a marital settlement agreement, which contained a

provision naming Viet as the custodian of the children's educational funds under the Illinois Uniform Transfers to Minors Act (Transfers to Minors Act) (760 ILCS 20/1 *et seq.* (West 2018)), subject to certain conditions. Viet admittedly failed to satisfy those conditions, and Tori filed a motion seeking to have him removed as custodian. The circuit court granted Tori's motion and ordered Viet to transfer the accounts to Tori's name. Viet refused, contending the provision was unenforceable, and the circuit court then held him in civil contempt. Viet now appeals the contempt order and, for the reasons set forth below, we affirm.

¶ 3                                                   BACKGROUND

¶ 4          Tori and Viet were married in 2001, and had two children, born in 2004 and 2006. Tori filed a petition for dissolution of marriage in 2016, and Viet filed a counterpetition in 2017. After extensive litigation, the parties entered into a marital settlement agreement (MSA), which was incorporated into a judgment for dissolution of marriage (dissolution judgment) on September 21, 2020.

¶ 5          As relevant to the instant appeal, paragraph 7 of the MSA concerned the children's educational expenses. According to paragraph 7(A), there were four accounts established under the Transfers to Minors Act (the accounts), two for each child, and Viet was custodian of each of them. Paragraph 7(B) provided that Viet would continue to be custodian of the accounts, "conditional upon the following requirements." Paragraph 7(B) required: (1) that Viet provide Tori with all statements and information related to the accounts; (2) that the prior written agreement of both parties be obtained for any change in investments or investment strategy; (3) that the custodian be removed upon each child's 21st birthday and the funds released to the child's control; and (4) that disbursements be made only with Tori's written approval and used only for the child's post-high school education. Paragraph 7(C) provided that "[f]ailure to abide

by the conditions set forth in Paragraph(7)(B)(i-iv) shall require Viet to immediately execute any and all forms necessary to transfer and name Tori the Custodian" of the accounts. Paragraph 7(C) further provided that Viet would be responsible for all attorney fees and costs incurred by Tori if she was required to file a petition seeking compliance with paragraph 7.

¶ 6　　In June 2021, Tori filed a motion to enforce the judgment, claiming that Viet had failed to comply with the terms of paragraph 7 and seeking an order requiring Viet to take all steps necessary to transfer custodianship of the accounts to Tori. Specifically, Tori asserted that since the date of the dissolution judgment, Viet had failed to provide Tori with account statements, despite her repeated requests. Tori further claimed that Viet had unilaterally changed several investments in one of the accounts and had unilaterally withdrawn money from two of the accounts.

¶ 7　　In response,[1] Viet denied that Tori had repeatedly requested copies of the account statements, and claimed that he had provided them when she made such a request. Viet admitted making certain stock trades in one account, and withdrawing money from two accounts, but maintained that those actions were proper. Viet claimed that the stock trades were prudent investment decisions, and that the withdrawals were used to pay for state and federal income and capital gains taxes owed by each account, as well as for an accountant to prepare the tax returns. Viet further claimed that one of the withdrawals was not for his own personal use but was instead used to pay for expenses while he was with one of the children. Moreover,

---

[1] We note that Viet styled his response as an "answer[ ] and affirmative defenses" to Tori's motion. Answers, however, are a form of pleading and are directed to complaints, not to motions. See 735 ILCS 5/2-602 (West 2018) (the first pleading by a defendant is designated an "answer"). See also *In re Marriage of Wolff*, 355 Ill. App. 3d 403, 407 (2005) (a pleading consists of a party's formal allegations of his claims or defenses, while a motion is an application to the court for a ruling or order in a pending case). We accordingly refer to Viet's filing as a "response" to Tori's motion.

to the extent that he breached any of the provisions of paragraph 7, Viet maintained that it did not constitute a material breach.

¶ 8        Viet additionally argued that, if paragraph 7 could be interpreted to require him to waive his statutory rights as custodian under the Transfers to Minors Act, such a restriction would violate public policy and would therefore be unenforceable. Accordingly, in addition to his response to Tori's motion, Viet raised several "affirmative defenses," namely, (1) that paragraphs 7(B)(ii), (B)(iv), and (C) were unenforceable as they violated the public policy of Illinois by restricting Viet's statutory rights as custodian of the accounts and permitting his removal without cause, even if removal did not serve the best interests of the children; (2) that enforcement of paragraph 7(C) violated Tori's duty of good faith and fair dealing; (3) that the failure to provide Tori with monthly account statements did not constitute a material breach; and (4) that the doctrine of unclean hands prevented Tori from enforcing the terms of paragraph 7 where she materially breached other provisions of the MSA.

¶ 9        The parties came before the circuit court on September 1, 2021, for a hearing on, *inter alia*, Tori's motion to enforce the judgment. After hearing the parties' arguments, the circuit court found that, at the time the parties entered into the MSA, Viet was represented by "excellent counsel" and the record demonstrated that he was not under any duress or undue pressure to sign the MSA. The court further found that paragraph 7 was "very clear" and was a provision which was negotiated by the parties. When Viet's counsel interjected, claiming that the provision was against public policy, the circuit court responded: "It's not against public policy. He had certain things he was supposed to do. He didn't abide by those certain things." Accordingly, the circuit court granted Tori's motion to enforce the judgment. Viet's counsel requested Rule 304(a) language (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)), but the circuit court

denied the request, finding that "[t]here's no way this is final and appealable." In a written order entered the same day, the circuit court ordered Viet to "immediately take all steps necessary" to transfer the accounts to Tori as custodian within 14 days; the order further provided that "a daily fine for each day of non-compliance may be imposed if Viet fails to transfer said accounts."

¶ 10      On September 30, 2021, Viet filed a motion to reconsider the circuit court's September 1 order. With respect to paragraph 7, Viet claimed that the circuit court erred in ordering him to transfer the children's accounts to Tori where she had failed to respond to his "affirmative defenses." The circuit court denied the motion to reconsider on January 13, 2022. During the hearing, Viet's counsel again asked if the order was appealable, and the circuit court indicated that it did not believe it was a final, appealable order, given other outstanding issues concerning distribution of the parties' wine collection.

¶ 11      On January 24, 2022, Viet filed a notice of appeal (appeal no. 1-22-0102), appealing both the September 1, 2021, and January 13, 2022, orders. The appeal was ultimately dismissed for lack of jurisdiction.

¶ 12      While the appeal remained pending, Tori filed a motion which, *inter alia*, requested daily monetary sanctions for Viet's noncompliance with the circuit court's order requiring him to transfer custodianship of the accounts to Tori. She contended that Viet had refused to take any steps necessary to transfer custodianship of the accounts, and had refused to pay any of the attorney fees expended by Tori in seeking enforcement of the MSA. Tori claimed that Viet had no intention of complying with the circuit court's orders, and that, when Tori's counsel requested confirmation of Viet's compliance with the court orders, Viet's counsel responded that " 'Viet does not have any money and Tori may owe Viet way more than that when this is

5

all over.' " Tori subsequently also filed a petition for rule to show cause and for a finding of indirect civil contempt, again contending that Viet had willfully failed to comply with the circuit court's orders regarding transfer of the accounts.

¶ 13      On July 13, 2022, the parties came before the circuit court for a hearing on Tori's petition for rule to show cause. After hearing the parties' arguments, the circuit court noted that almost all of the arguments made were merely a "rehash" of the arguments made in connection with the September 1, 2021, order. The court found that there was "no justification" for Viet to have failed to comply with the prior ruling, and found his claims that he was not required to comply with the order since it was "not final and appealable" to be unpersuasive. The circuit court accordingly ordered Viet to turn over all four accounts by July 20 and further ordered that, if he did not, he would be fined $500 per day.

¶ 14      On July 14, 2022, Viet filed a notice of appeal (appeal no. 1-22-1045), appealing the circuit court's September 1, 2021, January 13, 2022, and July 13, 2022, orders. Although not contained in the record on appeal, it appears that there were subsequent court proceedings, as Viet filed an additional notice of appeal on August 4, 2022 (appeal no. 1-22-1168), in which he appealed the circuit court's orders of July 18, 2022, and July 27, 2022. We consolidated the two appeals on August 11, 2022.

¶ 15                                    ANALYSIS

¶ 16      On appeal, Viet contends that the circuit court erred in finding him in contempt where (1) the September 1, 2021, order should not have been granted and (2) he was not required to comply with the order since it was not a final order.

¶ 17      As an initial matter, we note that Viet styles his claims on appeal as challenges to the July 18, 2022, and July 27, 2022, orders listed in his second notice of appeal. According to Viet,

the July 18, 2022, order provided that he would be fined $500 per day and subject to a body attachment if he did not transfer the accounts within seven days, while the July 27, 2022, order was an order of commitment which ordered him committed to Cook County Jail until he transferred the accounts or upon payment of a $10,000 bond. These orders, however, are not contained in the record on appeal.[2]

¶ 18      The record on appeal must contain the judgment which is being appealed. Ill. S. Ct. R. 321 (eff. Oct. 1, 2021). It is the appellant's burden to present a sufficiently complete record to support his claims of error, and in the absence of such a record, it will be presumed that the circuit court's order was in conformity with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 381-92 (1984). Moreover, where an appellant has failed to comply with supreme court rules, we have the inherent authority to dismiss the appeal. *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14. See, *e.g.*, *Best Coin-Op, Inc. v. Fountains on Carriage Way Condominium Ass'n*, 239 Ill. App. 3d 1062, 1063 (1992) (dismissing appeal where the record on appeal did not contain a copy of the judgment appealed from).

¶ 19      We observe, however, that where the record on appeal is sufficient to disclose the errors of which the appellant complains, and the issues can be resolved on the record as it stands, the failure to provide a complete record will not defeat the appellant's claims. See *Johnson v. Saenz*, 311 Ill. App. 3d 693, 696 (2000); *McGee v. State Farm Fire & Casualty Co.*, 315 Ill. App. 3d 673, 679-80 (2000). Here, we find that, due to the nature of Viet's arguments, the

---

[2] We note that the purported orders are contained in the appendix to Viet's appellate brief. It is well-settled, however, that "[t]he record on appeal cannot be supplemented by attaching documents to a brief or including them in an appendix." (Internal quotation marks omitted.) *Scepurek v. Board of Trustees of Northbrook Firefighters' Pension Fund*, 2014 IL App (1st) 131066, ¶ 2. Accordingly, they are not properly before this court on appeal. See *4220 Kildare, LLC v. Regent Insurance Co.*, 2022 IL App (1st) 210803, ¶ 29.

record before us is sufficient to address his contentions of error. Viet's arguments are based on the propriety of the September 1, 2021, order, which is contained in the record on appeal. Additionally, the July 18, 2022, order was merely a written order memorializing the circuit court's July 13, 2022, oral ruling—which is also contained in the record on appeal—and the July 27, 2022, order of commitment effectuates the sanctions previously set forth by the circuit court in the event of Viet's continued noncompliance.[3] Accordingly, we proceed to consider the merits of Viet's arguments.

¶ 20     In a proceeding for indirect civil contempt, as is the case here, the petitioner has the initial burden to prove by a preponderance of the evidence that the alleged contemnor violated a court order. *Bryton Properties, LLC v. Kids' Work Chicago, Inc.*, 2022 IL App (1st) 210441, ¶ 23. The alleged contemnor then has the burden to demonstrate that the noncompliance was neither willful nor contumacious, and that he had a valid excuse for declining to obey the order. *Id.* "Whether a party is guilty of indirect civil contempt is a question for the trial court, and its decision will not be disturbed on appeal unless it is against the manifest weight of the evidence or the record reflects an abuse of discretion." (Internal quotation marks omitted.) *Id.*

¶ 21     As noted, Viet's challenge to the contempt order is, in essence, a challenge to the September 1, 2021, order granting Tori's motion to enforce the dissolution judgment. An order finding a party in contempt and imposing sanctions is an appropriate method for testing pretrial orders, which would otherwise not be appealable. *Bearden v. Hamby*, 240 Ill. App. 3d 779, 892 (1992). Moreover, review of the contempt finding necessarily requires review of the order

---

[3] While the imposition of a particular sanction is within the circuit court's discretion (see *In re Marriage of Harnack*, 2022 IL App (1st) 210143, ¶ 57), we note that Viet does not raise any argument on appeal concerning the court's decision to issue an order of commitment rather than, for instance, imposing a monetary fine.

on which it is based.[4] *Waste Management, Inc. v. International Surplus Lines Insurance Co.*, 144 Ill. 2d 178, 189 (1991). Here, Viet does not dispute that he violated the September 1 order. Instead, he claims that he had a valid reason for disobeying the order, as it was "[i]mprovidently [g]ranted."

¶ 22    Viet's argument on appeal centers on his claim that Tori failed to reply to the "affirmative defenses" he raised in response to her motion and therefore, they should be deemed admitted. Viet is correct that allegations in pleadings which are not denied are deemed admitted (735 ILCS 5/2-610(b) (West 2020)), and is also correct that this applies to affirmative defenses (see, *e.g.*, *State Farm Mutual Automobile Insurance Co. v. Haskins*, 215 Ill. App. 3d 242, 246 (1991)). What Viet overlooks, however, is that these rules apply to pleadings, and Tori's motion to enforce the dissolution judgment was not a pleading.

¶ 23    A pleading "consists of a party's formal allegations of his claims or defenses." *In re Marriage of Wolff*, 355 Ill. App. 3d 403, 407 (2005); *In re Marriage of Sutherland*, 251 Ill. App. 3d 411, 413 (1993). Section 2-603 of the Code of Civil Procedure (Code) explains that pleadings should contain the pleader's "cause of action, counterclaim, defense, or reply." 735 ILCS 5/2-603 (West 2020). By contrast, a motion "is an application to the court for a ruling or an order in a pending case." *Wolff*, 355 Ill. App. 3d at 407; *Sutherland*, 251 Ill. App. 3d at 413. In dissolution actions, a petition to modify a dissolution judgment is considered a pleading, since it is treated as a new proceeding. *Sutherland*, 251 Ill. App. 3d at 413-14. In this case,

---

[4] We note that Tori contends that Viet may not challenge the September 1, 2021, order as the time for doing so has elapsed; in support, she points to this court's dismissal of Viet's prior appeal for lack of jurisdiction. While Tori sought to dismiss that appeal based on timeliness, the order dismissing the appeal does not specify the basis for the dismissal and, indeed, the circuit court below indicated that it doubted the September 1 order's appealability as it was not a final order. We therefore cannot presume to know what the reasoning was that led to the dismissal of Viet's prior appeal, and draw no conclusions therefrom.

however, Tori's motion was a motion to *enforce* the dissolution judgment, not a petition to modify it. In other words, Tori sought an order requiring Viet to comply with the terms of the already-existing dissolution judgment, not to change those terms. Viet cites no authority suggesting that a motion to enforce a dissolution judgment is a pleading, and we cannot find that it is anything other than "an application to the court for a ruling or an order in a pending case" (*Wolff*, 355 Ill. App. 3d at 407). See also *In re Marriage of Andres*, 2021 IL App (2d) 191146, ¶ 61 (a motion concerning past-due child support was properly characterized as a motion to enforce the prior order and not a modification or new cause of action, as it sought to enforce the rights and obligations that already existed, not to impose new or different obligations on the parties). Consequently, the rules and case law cited by Viet are simply not applicable and Tori's failure to respond to his "affirmative defenses" does not result in their being admitted.[5] See, *e.g.*, *Wolff*, 355 Ill. App. 3d at 407 (where motion to reconsider was not a pleading, it could not be dismissed under section 2-619 of the Code); *William J. Templeton Co. v. Liberty Mutual Insurance Co.*, 316 Ill. App. 3d 379, 388 (2000) (where motion for sanctions was not a pleading, it did not confer jurisdiction on circuit court to adjudicate claim for malicious prosecution contained within motion).

¶ 24      Furthermore, the issues raised within Viet's "affirmative defenses" were, in fact, considered by the circuit court in making its ruling. During the hearing, Viet's counsel raised

---

[5] We also observe that Viet's primary "affirmative defense"—his claim that paragraph 7 violates public policy—is a question of law. See *Thounsavath v. State Farm Mutual Automobile Insurance Co.*, 2018 IL 122558, ¶ 16 (the determination of whether a provision in a contract, insurance policy, or other agreement is invalid as against public policy presents a question of law). A failure to deny an affirmative defense admits only well-pleaded facts "and in no way ratifies the legal conclusion drawn by the pleader of an affirmative defense." *Belleville National Bank v. Rose*, 119 Ill. App. 3d 56, 61-62 (1983); see also *Charter Bank v. Eckert*, 223 Ill. App. 3d 918, 924 (1992); *Cole Taylor Bank v. Cole Taylor Bank*, 224 Ill. App. 3d 696, 710 (1992). Accordingly, even if Tori had been required to respond to Viet's "affirmative defenses," her failure to do so would have no effect on the legal question of whether the provision violated public policy.

all of them, including arguments regarding public policy, the materiality of the terms, and Tori's motives in filing the motion. In granting Tori's motion to enforce the dissolution judgment, the circuit court expressly found that paragraph 7 was not against public policy, as contended by Viet. The circuit court also found that paragraph 7 was not a "gotcha" part of an agreement—*i.e.*, it was a negotiated provision containing terms well-known to Viet at the time of its execution, and the parties agreed that Viet would abide by its terms in order to remain custodian. We therefore cannot find that Tori's failure to address these claims affected the proceedings in any way. Consequently, we find unpersuasive Viet's contention that the September 1, 2021, order was improperly entered due to Tori's failure to answer his "affirmative defenses." For similar reasons, we reject Viet's claim that the circuit court erred in denying his motion to reconsider the entry of the September 1 order, which is based on the same argument concerning Tori's response to his "affirmative defenses."

¶ 25        We also find no merit in Viet's alternative argument, in which he claims that he was not required to comply with the September 1 order, as it was not an enforceable order. After the circuit court granted Tori's motion to enforce the dissolution judgment, Viet's counsel requested Rule 304(a) language, which would permit immediate appeal of the order. The circuit court denied the request, finding that "[t]here's no way this is final and appealable." Viet contends that, absent Rule 304(a) language, the order was not enforceable and he was not required to comply with it.

¶ 26        Viet's argument, however, again misapprehends the applicable law. Rule 304(a) concerns appeals from final judgments which do not dispose of the entire proceeding. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Its purpose is "to discourage piecemeal appeals in the absence of a just reason and to remove the uncertainty which existed when a final judgment was entered on

11

fewer than all of the matters in controversy." (Internal quotation marks omitted.) *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008). It in no way means that a litigant is excused from complying with circuit court orders in the absence of such language. Viet's position would effectively mean that no litigant would be required to comply with *any* interlocutory order, absent certain exceptions which allow for immediate appealability of such orders. Viet cites no authority to support such a proposition, and we cannot find that this is a logical interpretation of Rule 304(a). Indeed, contempt proceedings are founded on the premise that noncompliance with court orders is unacceptable. See *Sanders v. Shephard*, 163 Ill. 2d 534, 540 (1994) ("Vital to the administration of justice is the inherent power of courts to compel compliance with their orders. [Citation.]"). Furthermore, our supreme court has made clear that a party may refuse to comply with a court order only if that order is void; otherwise, if the court has jurisdiction over the subject matter and the parties, "its order must be obeyed until such time as it is set aside by the issuing or reviewing court." *Faris v. Faris*, 35 Ill. 2d 305, 309 (1966); see also *Andres*, 2021 IL App (2d) 191146, ¶ 57. We therefore find that the presence, or absence, of Rule 304(a) language was irrelevant to the question of whether Viet was required to comply with the September 1 order.

¶ 27 Since Viet has admitted to violating the September 1 order and has provided no legitimate justification for his lack of compliance, we find that the circuit court was well within its discretion in finding him in contempt for his failure to transfer the accounts to Tori as required by the MSA. See *Bryton Properties*, 2022 IL App (1st) 210441, ¶ 23.

¶ 28                                    CONCLUSION

¶ 29        Where Viet does not dispute that he failed to comply with the circuit court's September 1, 2021, order and has failed to provide a valid basis for his lack of compliance, the circuit court's finding of contempt is affirmed.

¶ 30        Affirmed.