2026 IL App (1st) 251106-U
No. 1-25-1106
Order filed, June 18, 2026

Sixth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| *In re* MARRIAGE OF SULLIVAN, ) | |
| ) | |
| (JUANITA M. SULLIVAN, ) | Appeal from the Circuit Court |
| ) | of Cook County. |
| ) | |
|     Petitioner-Appellant, ) | |
| v. ) | No. 06 D 05086 |
| ) | |
| ELECTRICAL CONTRACTORS ) | |
| ASSOCIATION AND LOCAL UNION NO. 134 ) | The Honorable |
| I.B.E.W. JOINT PENSION TRUST OF ) | Myron F. Mackoff, |
| CHICAGO, ) | Judge, presiding. |
| ) | |
|     Third-Party Respondent-Appellee.) ) | |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Gamrath concurred in the judgment.

**ORDER**

*Held*: Affirming trial court orders denying appellant's petition for rule to show cause and awarding attorney's fees and costs and denying appellee's motion for sanctions for filing a frivolous appeal.

¶ 1 Juanita Sullivan and John Sullivan divorced in 2009. The parties' marital settlement agreement gave Juanita a 50% share in John's three pension plans. John became disabled

before retirement age and started receiving disability pension payments from two plans. Juanita petitioned the trial court for half of these disability benefits, claiming the marital settlement agreement entitled her to them. The trial court disagreed, and this court affirmed that decision twice. In both appeals, we found that Juanita does not currently have a right to John's disability pension benefits under the terms of the plans.

¶ 2    Despite these rulings, Juanita filed a petition for rule to show cause against the Electrical Contractors Association and Local Union No. 134 I.B.E.W. Joint Pension Trust of Chicago ("Pension Fund"), which administers one of the pension plans. She wanted the court to hold the Pension Fund in indirect civil contempt for refusing to pay her half of John's disability pension benefits. The trial court denied the petition and, under Supreme Court Rule 137 (eff. Jan. 1, 2018), ordered Juanita to pay $17,295.42 in attorney's fees and costs as a sanction.

¶ 3    Juanita, representing herself, appeals, arguing the trial court (i) erred in denying her petition for rule to show cause because she is entitled to half of John's disability pension, and (ii) abused its discretion in granting the Pension Fund attorney's fees. In response, the Pension Fund asks for sanctions under Illinois Supreme Court Rule 375, claiming the appeal is frivolous.

¶ 4    As noted, this court has twice ruled that Juanita does not have a right to John's disability pension benefits. Those holdings are the law of the case and require we affirm the order denying the rule to show cause. We also affirm the trial court's order to grant sanctions. But we deny the Pension Funds' request for attorney's fees for defending this appeal.

¶ 5    Background

¶ 6    This dispute arrives a third time. We will discuss only those facts relevant to this appeal.

¶ 7    The marital settlement agreement divided three retirement benefits that John earned under defined benefit pension plans during the marriage. Juanita received half of John's interest in

the Electrical Contractors Association and Local Union 134, I.B.E.W. Joint Pension Trust of Chicago Pension Plan No. 2 ("Pension Plan 2"), as set out in a Qualified Domestic Relations Order ("QDRO").

¶ 8        After the divorce became final, John applied for Social Security Disability Income (SSDI) benefits which he needed to qualify for long-term disability insurance. Once he received SSDI, John also applied for "disability pension" benefits under Plan 2. When Juanita found out John was getting this benefit, she sought half of the payments.

¶ 9        After a hearing, the trial court ruled that John's disability pension from Pension Plan 2 was meant to replace income, not to serve as a pension under the marital settlement agreement. Juanita appealed. In an unpublished Rule 23 Order, this court agreed with the trial court and held that Juanita was not entitled to any part of the disability pension benefits under Pension Plan 2. *Sullivan v. Sullivan*, 1-17-0446, Rule 23 Order (June 4, 2018).

¶ 10       John moved the trial court to modify the QDRO as it related to Pension Plan 2. The trial judge approved the amended QDRO, stating that when John "goes into payment status," Juanita would receive one-half of the monthly benefit earned during the marriage. The order specifically excluded any "Disability Retirement Benefits" paid to John "on account of [his] disability prior to [his] attainment of the earliest retirement age." The court also ordered Juanita to pay back John for the disability payments she had already received and to cover his attorney's fees.

¶ 11       In another unpublished Rule 23 Order, this court again affirmed. We held that Juanita does not currently have the right to receive any of John's disability pension benefits. *In re Marriage of Sullivan*, 1-19-1337, Rule 23 Order (June 8, 2020). The court referred to the 2018 decision that reached the same result.

¶ 12     Juanita then filed a petition for a rule to show cause, asking to hold the Pension Fund in indirect civil contempt for refusing to pay her from John's disability pension benefits. After a hearing, the trial court denied her petition, stating that this court had already ruled that Juanita is not entitled to John's disability benefits and that this decision must be followed under the law of the case doctrine. The trial court also granted the Pension Plan's request for Rule 137 sanctions, finding Juanita had no good faith basis to file the show cause petition, and allowed the Pension Fund leave to file a petition for attorney's fees. After a hearing, the trial court ordered Juanita to pay $17,295.42 in reasonable attorney's fees and costs.

¶ 13                                        Analysis

¶ 14                                    Law of the Case

¶ 15     The law-of-the-case doctrine provides that issues presented and disposed of in an earlier appeal bind and control in the circuit court on remand, as well as the appellate court in a later appeal, unless the facts presented differ so much as to require a different interpretation. *Bilut v. Northwestern University*, 296 Ill. App. 3d 42, 47 (1998). The law of the case doctrine (i) protects settled expectations of the parties, (ii) ensures uniformity of decisions, (iii) maintains consistency during a single case, (iv) effectuates proper administration of justice, and (v) brings litigation to an end. *Petre v. Kucich*, 356 Ill. App. 3d 57, 63 (2005). A party dissatisfied with a decision of the appellate court may file a petition for rehearing or petition for leave to appeal to the supreme court. *Id*. (citing *Sanders v. Shephard*, 258 Ill. App. 3d 626, 633 (1994)).

¶ 16     To summarize, this court has twice decided that Juanita does not have a current right to any portion of John's disability pension benefits. See *Sullivan v. Sullivan*, 1-17-0446, Rule 23 Order (June 4, 2018) and *In re Marriage of Sullivan*, 1-19-1337, Rule 23 Order (June 8, 2020). Because the facts here are identical and do not warrant a different interpretation, the law of the

case doctrine requires us to follow those decisions. Thus, we affirm the order denying the petition for rule to show cause.

¶ 17                                    Attorney's Fees and Costs

¶ 18        Supreme Court Rule 137 permits sanctioning a party for frivolous filings, either on the motion of the opposing party or on the court's motion. Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018). "The purpose of the rule is to prevent abuse of the judicial process by penalizing claimants who bring vexatious and harassing actions based on unsupported allegations of fact or law." *Senese v. Climatemp*, Inc., 289 Ill. App. 3d 570, 581 (1997). Additionally, "whether to impose sanctions rests within the sound discretion of the trial court and that decision is entitled to great weight and will not be disturbed on review absent an abuse of discretion." *Id*. at 581-582.

¶ 19        An abuse of discretion for granting Rule 137 sanctions occurs "only where no reasonable person would take the view adopted by it; if reasonable people would differ as to the propriety of the court's actions, a reviewing court cannot say that the trial court exceeded its discretion." *Id*. at 582.

¶ 20        The trial court decided that Juanita is not entitled to John's disability benefits and we have affirmed those decisions. Still, Juanita tried to hold the Pension Fund in indirect civil contempt for not following our order. She repeats the same arguments that were rejected in her earlier appeals. Due to Juanita's persistence despite our holdings and her failure to sustain her burden of showing that the trial court abused its discretion in awarding the attorney's fees and costs, we affirm.

¶ 21                                    Rule 375 Sanctions

¶ 22        Supreme Court Rule 375(b) permits this court to enter sanctions against a party if an appeal is "frivolous," or "not taken in good faith," or "for an improper purpose, such as to harass or

to cause unnecessary delay or needless increase in the cost of litigation." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). "A reviewing court applies an objective standard to determine whether an appeal is frivolous; 'the appeal is considered frivolous if it would not have been brought in good faith by a reasonable, prudent attorney." *Parkway Bank and Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 87 (quoting *Dreisilker Electric Motors, Inc. v. Rainbow Electric Co.*, 203 Ill. App. 3d 304, 312 (1990)). "Sanctions may be awarded against *pro se* litigants under sufficiently egregious circumstances." *Parkway*, 2013 IL App (1st) 130380, ¶ 87 "The imposition of Rule 375 sanctions is left entirely to the discretion of the reviewing court." *Id.*

¶ 23    Although this appeal comes close to warranting Rule 375 sanctions, we choose not to impose them. Juanita's arguments mostly repeat issues that have already been resolved, but we do not find her appeal completely lacking in legal or factual support, especially because she may be unfamiliar with a legal doctrine foreign to everyday experience. We give her the benefit of the doubt, and deny the motion for Rule 375 sanctions.

¶ 24    Juanita is warned, however, that any further attempts to relitigate these issues in the circuit court or this court may not be treated as leniently.

¶ 25    Affirmed; motion for Rule 375 sanctions denied.